J-S48021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
HECTOR CASTILLO　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Appellant　　　　　　　　:　　No. 121 EDA 2018

Appeal from the Judgment of Sentence October 4, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001704-2015

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:　　　　　　**FILED SEPTEMBER 12, 2018**

Hector Castillo (Appellant) appeals from the judgment of sentence imposed after he pled guilty to aggravated assault.[1]  Appellant challenges the trial court's denial of his pre-sentence motion to withdraw his guilty plea. Upon review, we affirm.

The Commonwealth charged Appellant with attempted homicide, aggravated assault, and related offenses.  The case proceeded toward trial, and a jury was empaneled on July 6, 2017.  However, Appellant expressed a desire to plead guilty, and on the following day, he entered a guilty plea to aggravated assault.  During the oral plea colloquy, Appellant stated that he

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).

was satisfied with his appointed counsel, that he understood the proceedings, and that although he was taking the medications Topamax and Celexa, he was not impaired or under the influence of any drugs, alcohol, or other medications. N.T. Guilty Plea, 7/7/17, at 2-4. Appellant completed and signed a written plea colloquy, which also stated that he was not under the influence of any drugs or alcohol.

On September 26, 2017, Appellant filed a motion requesting new counsel, in which he stated that he wished to withdraw his guilty plea due to "both the breakdown of the Attorney/Client relationship as well as the assertion that [Appellant] did not make a knowing, intelligent and voluntary plea and wished to assert his innocence." Appellant's Pre-Sentence Motion, 9/26/17, at 1-2. The trial court held a hearing, and Appellant testified that on the day of the plea, he was not aware of his rights and was not "conscious" because he was intoxicated and on medication. N.T. Sentencing, 10/4/17, at 11, 13. Appellant explained that on the night before the plea, he had one glass of wine and did not sleep, and that due to gastric bypass surgery four years earlier, he was "more vulnerable to intoxication [because alcohol] goes straight to [his] bloodstream, not [his] stomach." *Id.* at 11-12. Appellant also testified that his counsel did not explain his rights or options prior to the plea. *Id.* at 13. Thereafter, the trial court denied Appellant's request to withdraw his guilty plea, stating that it had an opportunity to observe Appellant during the plea hearing, and credited his plea testimony that he was

not under the influence of drugs or alcohol. *Id.* at 26. The court also denied Appellant's request to have new counsel appointed, and proceeded to sentencing. The court sentenced Appellant to 3 to 6 years' imprisonment, at the lower end of the standard-guideline range, so that Appellant would be eligible for a boot camp program. *Id.* at 51-52.

Appellant filed a timely post-sentence motion in which he requested: (1) reconsideration of the denial of his pre-sentence request to withdraw his plea; (2) a reduced sentence; and (3) again, new counsel. The Commonwealth also filed a motion for reconsideration of sentence, arguing that Appellant's mental health issues would likely disqualify him from boot camp, and the court should resentence Appellant to a longer term of incarceration.[2] The trial court conducted a hearing on November 27, 2017. It denied Appellant's motion but granted the Commonwealth's motion, withdrawing its recommendation that Appellant be permitted to participate in boot camp and resentencing him to 3 years and 8 months to 10 years of imprisonment.

Thereafter, Appellant obtained new counsel, who entered his appearance and filed a timely notice of appeal on Appellant's behalf. The trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a concise statement on January 3, 2018, averring that the trial court: (1)

---

[2] Appellant refused to participate in the pre-sentence investigation and therefore the report did not include details about his mental health issues. N.T. Post-Sentence Motion, 11/27/17, at 31; N.T. Sentencing, 10/4/17, at 47.

abused its "discretion in sentencing Appellant when he had filed a timely Motion to Withdraw his guilty plea"; and (2) "erred in precluding Appellant's [trial] counsel from withdrawing his appearance." Appellant's Preliminary Concise Statement of Matters Complained of on Appeal, 1/3/18, at 2. In this first statement, Appellant requested an extension of time to file a second statement once he received requested transcripts. The trial court granted the request, and on February 5, 2018, Appellant filed a second statement in which he reiterated the issues from his first statement and added claims regarding his sentence.[3]

On appeal, Appellant presents a single issue for our review:[4]

SHOULD A PRE-SENTENCE REQUEST TO WITHDRAW A GUILTY PLEA BE ALLOWED WHERE [APPELLANT] ASSERTS THAT HE DID NOT ENTER A KNOWING VOLUNTARY PLEA AND ASSERTS HIS INNOCENCE, AND THE PROSECUTION DEMONSTRATES NO PREJUDICE?

Appellant's Brief at 14.

Appellant argues that pre-sentence requests to withdraw guilty pleas should be liberally allowed, and that a defendant's assertion of innocence is a

---

[3] Appellant averred that the trial court improperly increased his original sentence of 3 to 6 years of imprisonment; erred in re-sentencing him "to a higher standard range" sentence where there were no new aggravating factors that were not presented at the first sentencing hearing; failed to consider mitigating factors; and did not place sufficient reasons on the record to justify the longer sentence. Appellant's Concise Statement of Matters Complained of on Appeal, 2/5/18, at 2-3.

[4] The Commonwealth has not filed a reply brief.

fair and just reason to withdraw a plea. In support, Appellant generally maintains, without further explanation or citation to the record, that he presented "testimony of innocence." Appellant's Brief at 22, 29. Appellant asserts that he was confused and did not understand the plea proceedings, and that he "clearly was very hesitant in his answers, although it does not clearly reflect that in the transcript." *Id.* at 21, 23. He also observes that during the oral plea colloquy, it "appear[ed] that the [the trial c]ourt indicated . . . that it was in agreement . . . that [Appellant] would be deemed to be boot camp eligible," but the court subsequently found that he would likely not be eligible for boot camp. *Id.* at 27. Finally, Appellant claims that when he sought to withdraw his plea, "there was no prejudice of record to the Commonwealth." *Id.* at 30.

Preliminarily, we note that Appellant failed to include the issue concerning the validity of his guilty plea in either of his Rule 1925(b) statements. Ordinarily, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived.)." However, in *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016), the Pennsylvania Supreme Court considered an appeal in which the defendant's attorney "completely abandoned" all the claims that were raised in the court-ordered Rule 1925(b) statement and instead raised,

in the appellate brief, an unpreserved issue that resulted in the "complete waiver of all merits review." *Id.* at 434. The Supreme Court held "that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." *Id.* at 440.

Here, Appellant's counsel, like the attorney in **Rosado**, has abandoned all of the issues raised in the Rule 1925(b) statements in favor of a single issue – the validity of Appellant's guilty plea – that was not preserved in either statement. Consistent with **Rosado**, we decline to conclude that Appellant's guilty plea issue is waived, as the conduct is *per se* ineffectiveness. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 n.11 (Pa. Super. 2012) (under Rule 1925(c)(3), the remedy for *per se* ineffectiveness in criminal cases is no longer collateral relief, but to remand to the trial court, either for the filing of a Rule 1925(b) statement *nunc pro tunc* or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b) statement). Instantly, however, the trial court in its Rule 1925(a) opinion has adequately addressed Appellant's request to withdraw his plea. Thus, remand is not necessary, and we turn to the merits of Appellant's issue.

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> *Commonwealth v. Carrasquillo*, . . . 115 A.3d 1284, 1285, 1291–92 ([Pa.] 2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013).

*Commonwealth v. Blango*, 150 A.3d 45, 47 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1254 (Pa. 2017). Further, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citation omitted).

During the oral plea colloquy, Appellant stated that he was taking the medications Topamax and Celexa, and when asked by the trial court whether the medications impaired his ability to understand the plea proceedings, responded unequivocally, "No," and "I understand [the court's statements] and the process that we're going through right now." N.T. Guilty Plea, 7/7/17, at 3-4. Likewise, in his written plea colloquy, Appellant denied that he was under the influence of drugs or alcohol. As the trial court correctly pointed out – and contrary to Appellant's claim on appeal – he did not articulate a

claim of innocence at the sentencing hearing. **See** Trial Court Opinion, 2/21/18, at 2; Appellant's Brief at 22, 29.[5] Instead, Appellant argued that he should be permitted to withdraw his plea because he was intoxicated and under the influence of medication at the time of the plea. N.T. Sentencing, 10/4/17, at 11. As previously noted, the trial court denied relief on the basis that it had observed Appellant at the plea hearing and credited his testimony that he was not intoxicated or otherwise impaired when he entered his guilty plea. Accordingly, we discern no merit to Appellant's claim that the trial court abused its discretion by denying his motion to withdraw his guilty plea. **See Blango**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/18

---

[5] Even if Appellant had made such a claim, a bare assertion of innocence is insufficient for relief. **Carrasquillo**, 115 A.3d at 1293.