J-S47039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PRECIOUS C. ROBERTS, | : | |
| | : | |
| Appellant | : | No. 220 WDA 2018 |

Appeal from the Judgment of Sentence January 4, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010343-2017

BEFORE:    OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 19, 2018**

Precious C. Roberts (Appellant) appeals from the January 4, 2018 judgment of sentence of six months of non-reporting probation following his negotiated guilty plea to resisting arrest, defiant trespass, and two counts of simple assault.  We affirm.

Appellant was charged with numerous offenses following an altercation between Appellant and police officers after Appellant, who was ordered to leave UPMC Mercy Hospital, refused to do so.  Appellant appeared before the plea court on January 4, 2018 and pled guilty to the aforementioned crimes. Pursuant to the negotiated guilty plea, the Commonwealth agreed to amend two counts of aggravated assault to simple assault and also agreed to a sentence of non-reporting probation.  Following the entry of his guilty plea, Appellant opted to proceed immediately to sentencing.  The plea court

---

*Retired Senior Judge assigned to the Superior Court.

accepted the parties' sentencing agreement for six [] months of non-reporting probation at the [s]imple [a]ssault counts, to be served concurrently. No further penalty was imposed at the remaining counts of conviction. Court costs were waived. [Appellant] was ordered to have no contact with any UPMC Hospitals, with the exception of UPMC St. Margaret so that [Appellant] could consult his primary care physician in the case of an emergency.

Plea Court Opinion, 3/16/2018, at 1-2 (citations omitted).

On January 11, 2018, Appellant filed a post-sentence motion to withdraw his guilty plea. In his post-sentence motion, Appellant alleged that various physical and emotional ailments caused him to enter an unknowing plea. Post-Sentence Motion, 1/11/2018. Based on Appellant's averments, the court set a hearing. As aptly summarized by the plea court:

At the post-sentence motion hearing held on January 31, 2018, [Appellant] testified that he began experiencing flu symptoms the day after his plea and sentencing. He indicated that he was concerned about his symptoms because he had been sick with pneumonia twice in the last year and a half and because he had a back injury which required him to be in a body cast until November of 2017. [Appellant] testified that he "wasn't feeling that good" on the day of his plea and sentencing and that his illness affected his ability to intelligently, knowingly and voluntarily enter into his plea because he was "sick the whole following week[. …" Appellant] claimed that his back injury, which was sustained months before the plea hearing, contributed to his inability to understand what was happening on the day of his plea because he was "fairly weak," and he was "preoccupied" with trying to fight off his flu symptoms. As a result of his physical injury and sickness, [Appellant] testified that he felt "emotionally distraught" at the time of his plea. [Appellant] also testified that he did not feel coerced into pleading guilty.

On cross-examination, [Appellant] acknowledged that he was asked on the day of his guilty plea whether there was anything that could have hindered his ability to plead guilty, but

- 2 -

he claimed that he answered "yes" to that question. He also acknowledged that, on the day of the hearing, he was afforded additional time to consider whether to plead guilty. [Appellant] claimed that he "took a while" to make the decision since he "wasn't feeling good."

When questioned by th[e plea] court as to whether he had any medical documentation showing that he had sought treatment for his sickness, [Appellant] testified that he had called the paramedics because of his illness, but that the documentation confirming that call and any subsequent treatment was at his home. [Appellant] did not specify when he called the paramedics. He also claimed that he called his doctor for Theraflu, but he did not have any medical documentation to support that claim, and he did not specify when he called his doctor.

Plea Court Opinion, 3/16/2018, at 3-4 (citations omitted). At the conclusion of the hearing, the plea court denied Appellant's motion.

This timely-filed appeal followed.[1] Appellant presents one issue for our consideration: whether the plea court's denial of Appellant's motion to withdraw his guilty plea resulted "in manifest injustice where [Appellant's] diminished mental state prevented the plea from being entered into knowingly, intelligently, and voluntarily[.]" Appellant's Brief at 5. We begin our review mindful of the following.

The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By

---

[1] Both Appellant and the plea court have complied with Pa.R.A.P. 1925.

contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (citations omitted).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard for withdrawal prior to sentencing]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.
>
> * * *
>
> [T]o establish manifest injustice, Appellant must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. To ascertain whether Appellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Muhammad*, 794 A.2d 378, 382–84 (Pa. Super. 2002) (quotation marks and citations omitted).

In his brief to this Court, Appellant reiterates that he "was suffering from a combination of mental and physical health problems at the time of his plea that diminished his ability to respond knowingly and intelligently." Appellant's Brief at 13.

> During the plea, [Appellant] was grieving the loss of his wife, for which he was receiving counseling services before his arrest at

UPMC Mercy Hospital. During his arrest, [Appellant], who was 67 at the time, was forced to the ground by multiple officers and received a broken back and two broken ribs. [Appellant] was still receiving physical therapy to address the pain from the back injury he suffered nearly eight months earlier that had required him to wear a back brace until November of 2017. [Appellant] explained at the post-sentence motion hearing that he had the flu and was ill the day of the plea. This illness continued for an entire week following the hearing, leaving [Appellant] bedridden.

*Id.* at 13-14 (citations and unnecessary capitalizations omitted).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath[.]" *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). "Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. Stork*, 737 A.2d 789, 790 (citation and internal quotation marks omitted).

In this case, the plea court found Appellant's plea was entered knowingly, intelligently, and voluntarily. Plea Court Opinion, 3/16/2018, at 10 ("Based on the totality of the circumstances surrounding the plea, and the sworn statements that [Appellant] made under oath at the time of his plea, [Appellant] failed to meet his burden of proving that his decision to

plead guilty was not knowing, intelligent or voluntary."). Our review of the record as a whole supports the plea court's findings.

At Appellant's guilty plea and sentencing, the plea court conducted a thorough on-the-record colloquy. N.T., 1/4/2018, at 3-8. Additionally, Appellant was questioned about the comprehensive written colloquy, which he stated he reviewed and signed. *Id.* at 11. **See also** Guilty Plea Explanation of Defendant's Rights, 1/4/2018. During the on-the-record colloquy, Appellant answered "no" when asked, *inter alia*, if he had taken any medication, drugs, alcohol or had any **mental or physical illness or infirmity** that would impair his ability to understand the proceedings. N.T., 1/4/2018, at 4-5. Furthermore, Appellant confirmed he: (1) spoke with his attorney and understood the nature and elements of each charge and the maximum penalties allowable by law; (2) was not forced, promised, threatened, or coerced into pleading guilty; (3) reviewed the written guilty plea form; (4) completed the form with the assistance, advice, and supervision of his attorney; and (5) read and understood each question and answered honestly. *Id.* at 6-7.

A defendant who enters a guilty plea "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Pollard**, 832 A.2d at 523. Here, Appellant confirmed under oath that he was not suffering from any mental or physical illness or

infirmity "that would impair [his] ability to understand [the] proceedings or participate fully in them[.]" N.T., 1/4/2018, at 5. Appellant cannot now assert physical and mental/emotional ailments as the basis for withdrawing his plea.

Furthermore, in its opinion to this Court, the plea court stated that it "vividly" recalled Appellant's guilty plea and sentencing, asserting Appellant

> seemed alert and aware of the circumstances surrounding his plea. He also appeared to fully comprehend the nature of the proceedings and was able to directly participate in them. Had [Appellant] been disoriented or had he in any way demonstrated an inability to comprehend the proceedings at the time due to his purported illness, th[e plea] court would have halted the proceedings *sua sponte* and postponed the case until such time that [Appellant] was mentally and physically able to proceed. The court also notes that [Appellant] could not provide any medical documentation to corroborate his claim that he was, in fact, ill at the time of the plea.
>
> Finally, […] in addition to lacking any medical documentation regarding his illness, [Appellant] failed to articulate how exactly his illness precluded him from being able to understand his plea agreement and the attendant issues surrounding his waiver of a jury trial other than claiming that he was "concerned" about his symptoms. The court notes that this general concern about being sick does not rise to the level of emotional trauma which would have precluded him from being able to comprehend the nature of the proceedings. [Appellant] was afforded ample time at the plea hearing to consider the plea offer and to discuss the pros and cons of the offer with his attorney. There was no surprise as to the sentence because it was a negotiated plea agreement, which included a sentencing agreement that th[e plea] court accepted. Hence, the prospect of sentencing certainly could not have added to [Appellant's] stress or concern.

Plea Court Opinion, 3/16/2018, at 8-9.

We agree with the plea court's conclusions. Appellant fails to cite any pertinent case law[2] to support his contention that his concern over flu-like symptoms and his rehabilitation from health issues hindered his ability to comprehend the plea proceedings. Thus, Appellant has failed to meet his burden of showing that denial of relief would result in manifest injustice. *See Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) ("A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea.").

Based on the foregoing, as Appellant has failed to convince this Court that the plea court erred by denying his motion, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

---

[2] Appellant's citations to *Commonwealth v. Manley*, 380 A.2d 1290, 1294 (Pa. Super. 1977) and *Commonwealth v. Davis*, 110 A. 85, 86 (Pa. 1920), which discuss the necessity of granting a mistrial when a trial judge or juror becomes ill, is irrelevant to the issue in this case, and therefore is neither applicable nor persuasive law.

Date:  9/18/2018