**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Talvis Henry GORDY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2013.

Filed July 19, 2013.

Reargument Denied Sept. 24, 2013.

---

Elizabeth M. Ebner, Reading, for appellant.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellee.

BEFORE: DONOHUE, WECHT and COLVILLE *, JJ.

\* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J.:

This case is a direct appeal from judgment of sentence. Appellant argues the court erred in denying his pre-sentence motion to withdraw his guilty pleas. He also contends the court abused its sentencing discretion. Finding the court was wrong to deny Appellant's request to withdraw his pleas, we vacate the judgment of sentence and remand with directions that the court order Appellant's pleas withdrawn and conduct proceedings as needed to resolve this case. Given our decision, we need not consider Appellant's sentencing claim.

The Commonwealth filed a criminal complaint against Appellant in 2011. The complaint listed numerous offenses that allegedly occurred in or around 2002 and 2003. The charges involved two minor complainants, approximately twelve and five years old at the time of the incidents.

On May 17, 2012, Appellant pled guilty to one count each of rape, rape of a child and simple assault, those counts having arisen from the aforesaid 2011 charges. Sentencing was scheduled for September 5, 2012.

On July 31, 2012, prior to his sentencing date, Appellant filed a motion to withdraw his pleas and, in that motion, alleged his innocence. The court held a hearing and later denied relief. Appellant was sentenced. Thereafter, he filed a post-sentence motion claiming it was error to deny his pre-sentence request to withdraw his pleas. He also sought sentence modification. The court denied his motion. Appellant filed this timely appeal.

A pre-sentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion

would cause substantial prejudice to the Commonwealth. *Commonwealth v. Katonka,* 33 A.3d 44, 46–47 (Pa.Super.2011). An assertion of innocence can constitute a fair and just reason for plea withdrawal. *Id.* In the context of a pre-sentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position that it would have been had the trial taken place as originally scheduled. *Commonwealth v. Kirsch,* 930 A.2d 1282, 1286 (Pa.Super.2007). Thus, prejudice is about the Commonwealth's ability to try its case, *see id.,* not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealth's prosecution.

 The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. *Commonwealth v. Miller,* 748 A.2d 733, 735 (Pa.Super.2000). An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. *Commonwealth v. King,* 990 A.2d 1172, 1180 (Pa.Super.2010). By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record. *Commonwealth v. West,* 937 A.2d 516, 521 (Pa.Super.2007).

Before he pled guilty, Appellant signed a plea document—specifically, a document entitled *Statement Accompanying Defendant's Request to Enter a Guilty Plea* ("Guilty Plea Statement")—indicating he agreed he could not withdraw his pleas unless the court rejected his plea agreement. There was no agreement to sentencing in this case. However, the parties apparently agreed that, in return for Ap-

pellant's guilty pleas, the Commonwealth would withdraw numerous charges. The Commonwealth did, in fact, withdraw numerous charges at some point before Appellant pled guilty.

At the plea hearing, the Commonwealth stated on the record its understanding that Appellant had agreed to give up his right to withdraw his pleas before sentencing in return for the Commonwealth having withdrawn various charges. The court acknowledged this waiver was part of the plea arrangement. Appellant did not dispute the Commonwealth's representation or the court's acknowledgement thereof.

██ The court, during the hearing on the motion to withdraw Appellant's pleas, relied on the aforesaid, purported waiver of Appellant's right to seek plea withdrawal. We find the purported waiver was a nullity. In *Commonwealth v. Pardo,* 35 A.3d 1222, 1224–25, 1230 (Pa.Super.2011), the defendant agreed to plead guilty to various counts in exchange for other counts being dismissed. Before doing so, he executed a written provision waiving his right to withdraw his plea as long as the court accepted the plea agreement. There was no sentencing agreement. The trial court later denied his pre-sentence motion to withdraw his plea, citing, *inter alia,* the waiver provision. This Court opined on appeal:

The fact that Pardo signed a waiver indicating that he would not be permitted to withdraw his plea if the court accepted the plea agreement does not change our decision [to permit plea withdrawal] today. In fact, we find that such waiver provision, which prevents a defendant from the right to withdraw his plea prior to sentencing, flies in the face of the intent behind Rule 591, our Supreme Court's decision in [*Commonwealth v.*] *Forbes* [450 Pa. 185, 299 A.2d 268 (1973)] and the line of cases empha-

sizing the liberal pre-sentence plea withdrawal standard.

*Pardo*, 35 A.3d at 1230.

We also stated:

Today we hold that it is an abuse of discretion by the trial court to find that a defendant has waived his right to withdraw a guilty plea prior to sentencing where the defendant enters an open plea with regard to sentence, asserts his innocence, and there is no alleged prejudice to the Commonwealth if the plea were withdrawn. We further hold that the trial court may not curtail a defendant's ability to withdraw his guilty plea via a boilerplate statement of waiver in a written guilty plea colloquy.

*Id.* at 1224.

In light of *Pardo*, we find any reliance by the instant trial court on the purported waiver of Appellant's right to seek presentence plea withdrawal was a misapplication of law and, therefore, an abuse of discretion.

In its opinion authored for this appeal, the trial court reviewed several cases relating to plea withdrawal and relied on them to support of its decision denying Appellant's pre-sentence motion. Based on the law it cited, the court primarily reasoned that Appellant's actions of pleading guilty and then seeking plea withdrawal had substantially prejudiced the Commonwealth. To a somewhat lesser extent, the court also seemed to conclude Appellant's assertion of innocence did not constitute a fair and just reason to withdraw his pleas.

We will briefly summarize the cases on which the trial court relied. The court cited *Commonwealth v. Dickter*, 318 Pa.Super. 372, 465 A.2d 1 (1983). In that case, the defendant pled *nolo contendere* roughly eight months after his alleged assault on two minor boys. Following his plea, he absconded for several years, was apprehended, and then moved to withdraw his plea before sentencing. His withdrawal motion was filed roughly four and one-half years after his plea. On appeal, this Court upheld the lower court's decision to deny the motion. *Id.* at 2–3. In doing so, we reasoned that the delay of several years, a delay caused by the defendant's unlawful absence after his plea, had most likely resulted in a substantial diminishment of the memories of the young complainants who were nine and twelve at the time of the alleged offenses. *Id.* We concluded the defendant's conduct had thus prejudiced the Commonwealth by impairing the memories of its complaints. *Id.*

Another case cited by the instant trial court was *Commonwealth v. Carr*, 375 Pa.Super. 168, 543 A.2d 1232 (1988). Therein, the defendant entered a plea of *nolo contendere* to sex offenses involving a minor boy. The defendant later moved to withdraw his plea at the outset of his sentencing hearing, a hearing that occurred eight months after the plea. The court denied his motion and the defendant was convicted at trial. This Court affirmed his judgment of sentence on appeal, rejecting his claim that the court should have ordered his plea withdrawn. *Id.* at 1234–35. We reasoned that the eight-month delay would undoubtedly have dulled the memory of the five-year-old complainant, thereby impairing the Commonwealth's ability to try its case. *Id.* at 1234. Additionally, we observed that, during the intervening eight months, certain Commonwealth witnesses developed a reluctance to testify for the Commonwealth. *Id.* It seems the reluctance arose because the witnesses' sympathies had shifted from the complainant to the defendant. We held that the complainant's diminished memory and the witnesses' reluctance to testify constituted post-plea events sub-

stantially prejudicing the Commonwealth. *Id.* at 1234–35.

The trial court in the present case also relied on *Commonwealth v. Cole*, 387 Pa.Super. 328, 564 A.2d 203, 206 (1989). Cole pled guilty. After the complainant left Pennsylvania and returned to Georgia, Cole moved to withdraw his plea. He had not yet been sentenced. The court denied his motion.

On appeal, this Court observed that, prior to Cole's plea, the case had once been continued because the complainant was unavailable. We also pointed out that Cole eventually entered his plea only after the Commonwealth successfully brought the complainant from Georgia to Pennsylvania on the day of trial. We then noted Cole withdrew his plea after the witness left this jurisdiction. This Court concluded the record showed Cole was attempting to manipulate the legal system improperly—gambling on the chance that, if he withdrew his plea, the Commonwealth would not be able to produce the complainant for a later trial date and, in the complainant's absence, would be unable to prosecute Cole. *Id.* at 206. Finding that Cole's efforts constituted an improper attempt to prejudice the Commonwealth, we affirmed the denial of his pre-sentence motion to withdraw his plea. *Id.* at 205–07.

Finally, the trial court herein cited *Commonwealth v. Iseley*, 419 Pa.Super. 364, 615 A.2d 408 (1992). Iseley argued to us that the court should have found his presentence assertion of innocence to be a sufficient basis on which to grant the withdrawal of his guilty pleas and that, because the court failed to do so, counsel was ineffective for not appealing the court's denial of the pre-sentence motion. While observing that an assertion of innocence normally constitutes a fair and just reason to permit pre-sentence plea withdrawal, this Court nevertheless determined there was no

merit to Iseley's claim and we denied relief. *Id.* at 413, 415. Because Iseley had pled guilty, successfully withdrew his plea, pled guilty again, and again sought to withdraw his plea, we held that, absent some extraordinary circumstances not present in the *Iseley* case, an assertion of innocence was not alone a fair and just reason for withdrawal of his second guilty plea. *Id.* at 409–11, 413–15.

With the foregoing cases in mind, the court in the matter now before us opined that Appellant's plea occurred some ten years after the alleged offenses involving the twelve-year-old complainant and some nine years after the alleged offenses involving the five-year-old complainant. The court reasoned that, given the young ages of the complainants at the time of the offenses, "it is safe to assume" that the complainants' ability to testify accurately "had already been diminished." Trial Court Opinion, 02/11/13, at 6. The court then observed that approximately two months passed between Appellant's plea date and the date he filed his withdrawal motion. The court concluded that the two-month period served to exacerbate the complainants' loss of memory.

The *court's opinion proves too much:* If it is assumed that the complainants' memories faded during the nine or ten years after the alleged incidents, it is hard to contend seriously that two more months would have added any significant, negative effect on those memories. Indeed, the lapse of nine or ten years suggests that two more months would be an insignificant period of time. As the court noted, the complainants were only twelve and five during the alleged occurrences. Being young, they may not have fully retained their recollections in the years between the alleged incidents and the 2012 plea that followed the 2011 filing of the criminal charges. However, at the time of Appel-

lant's guilty pleas and his motion to withdraw those pleas, the complainants were roughly twenty-two and fourteen years of age. At those ages, it is reasonable to assume that, absent some detrimental event arising between the pleas and the withdrawal motion (*e.g.*, a psychological or physical health problem), whatever memories the complainants had at the time of the pleas would still be available to them just two months later. By contrast, it is unreasonable to conclude that the passage of two months would somehow exacerbate a diminution of memory beyond what had already taken place in nine or ten years.

■ In sum, one of the considerations to be made in evaluating Appellant's pre-sentence request was whether the time between his pleas and his withdrawal motion prejudiced the Commonwealth. Given that nine or ten years had already passed from the alleged incidents to the time of the pleas, the two months between the pleas and the withdrawal motion did not, in this case, support a finding of any prejudice to the Commonwealth's ability to try its case. Whatever degradation of memory may have occurred in the nine or ten years between the alleged incidents and the guilty pleas, that degradation could not possibly have resulted from Appellant's **la-ter** decision to withdraw his pleas.

In reaching our result, we reiterate that the *Dickter* case involved approximately four and one-half years between plea and withdrawal motion. That period of time was significantly more than the two months involved herein. Contrary to the instant trial court's apparent belief, *Dickter* does not support a finding that the two-month passage of time in this case prejudiced the Commonwealth by degrading the memories of the Commonwealth witnesses.

Also, the *Carr* case involved a delay of eight months and a complainant—the intended Commonwealth witness—who was age five. Here, the complainants—the intended witnesses—are significantly older. While the *Carr* opinion recognized that the eight-month delay may have dulled the five-year-old child's memory, that opinion does not lead to the conclusion that two months adversely affected the memories of witnesses who are now twenty-two and fourteen.

■ Aside from the question of the complainants' memories, the instant court also opined that "one could question" whether the complainants "would even be willing to continue to cooperate with the Commonwealth" if the court allowed Appellant to withdraw his pleas. Trial Court Opinion, 02/11/13, at 7. There are no facts of record supporting the court's suggestion that the complainants will not cooperate with the Commonwealth upon withdrawal of Appellant's guilty pleas. In fact, the record contains at least some evidence to the contrary. During the hearing on Appellant's motion to withdraw his pleas, the Commonwealth specifically advised the court that the younger complainant and the younger complainant's mother were in the courtroom. Though not conclusive, this comment by the Commonwealth tended to show the Commonwealth had continuing access to, and cooperation from, at least one of the complainants. The Commonwealth made no remarks suggesting the second complainant had become unavailable or uncooperative in any way.

The cases of *Carr* and *Cole* do not support the court's reasoning as to any potential lack of cooperation by the complainants. In *Carr*, the lapse of time between the plea and the withdrawal motion resulted in a shift of some witnesses' sympathies from the complainant to the defendant, thereby making those witnesses reluctant to testify for the Commonwealth. In *Cole*, it appeared the request for plea withdrawal was designed by the defendant in hopes

that the complaint would become unavailable. Herein, the record demonstrates neither lack of cooperation nor unavailability of the complainants.

Overall, the record and relevant case law do not support a finding that the Commonwealth has been or will be prejudiced because it cannot locate, secure the attendance of, or obtain cooperation from the complainants. At best, therefore, the court's concern about the cooperation of the complainants was speculation unsupported by facts of record. Speculation about harm that might possibly arise does not establish prejudice so as to deny a pre-sentence motion to withdraw a guilty plea. *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238, 241 (1976). At worst, the court's concern was arguably refuted, at least in part, by the record comments from the Commonwealth about the apparent availability of at least one complainant.

We next note the *Iseley* case does not support the instant court's apparent belief that Appellant's assertion of innocence was an insufficient basis to grant plea withdrawal. As we have already discussed, the *Iseley* court rejected an assertion of innocence after a second guilty plea but, while doing so, recognized that such an assertion normally warrants the granting of pre-sentence plea withdrawal in the case of a first guilty plea. The case before us does not involve multiple instances of Appellant having pled guilty at different times only then to recant his pleas, seeking to withdraw them each time. Appellant pled guilty on one occasion. He then moved to withdraw his pleas. His motion alleged his innocence, a fair and just reason to grant plea withdrawal in this case.

Comments made by the court during the hearing on Appellant's motion to withdraw his pleas also demonstrate error. The court voiced its concern that the complainants were being "abused by the legal sys-

tem" and Appellant. N.T., 09/05/12, at 5–6. Further, the court stated it was "not going to make [the complainants] come into open court and testify in front of a jury of strangers, [Appellant's] peers, on the whim that he now changed his mind or whatever concocted reason it is that he claims that everything that he said under oath was a lie." *Id.* at 6.

The rights to a public trial and to a trial by a jury of a defendant's peers are among the most fundamental and obvious constitutional protections that all courts must join in protecting. *See* U.S. CONST. amend. VI; PA. CONST. art. I, § 9. Similarly, the United States and Pennsylvania Constitutions give defendants who are accused of crimes the right to confront witnesses. U.S. CONST. amend. VI; PA. CONST. art. I, § 9. The facts that complainants in any particular case may have to testify and may have to endure the procedural steps of criminal prosecutions (*e.g.*, appearing for trial, being told the defendant has pled guilty, having to appear again if the defendant is properly allowed to withdraw the plea) do not constitute abuse by the legal system. Whatever concern the lower court may well have had regarding stress the complainants in this case may feel, the court's comments gave the *improper appearance of disdain for* fundamental constitutional rights.

Additionally, whatever personal inconvenience witnesses might feel in any given case does not necessarily harm the Commonwealth's ability to prosecute an accused person. In the case before us, there are simply no record facts showing that any personal inconvenience which might be endured by the complainants will translate into substantial prejudice against the Commonwealth. In short, the record does not demonstrate that allowing Appellant to withdraw his pleas will place the Common-

wealth in a worse position to prosecute this case than if the matter had originally proceeded to trial.

We also observe the following. The tenor of the court's opinion seems to reveal the court's outrage over the fact that Appellant admitted his guilt during his plea hearing and later sought to withdraw his plea. The court appears to overlook the fact that all guilty pleas, by definition, are admissions of guilt. *See Katonka*, 33 A.3d at 49–50. Necessarily, therefore, all motions to withdraw an otherwise properly tendered plea will involve a defendant who admitted guilt during the plea hearing. *Id.* at 49.

■■■■ We understand a defendant is not normally permitted to contradict statements made under oath. *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super.2007). Nevertheless, an assertion of innocence, even though it conflicts with a plea-hearing admission of guilt, can be raised in a motion to withdraw a guilty plea and will normally serve as a fair and just reason for pre-sentence plea withdrawal. *Katonka*, 33 A.3d at 47–50. In short, admitting guilt at a plea hearing does not foreclose a defendant from asserting innocence in a motion to withdraw the plea. *Id.* Consequently, the fact that Appellant admitted guilt during his plea hearing does not invalidate his assertion of innocence made in his motion to withdraw his pleas.

■■■■ In addition to its displeasure that Appellant asserted innocence after having pled guilty, it appears the court did not believe Appellant's assertion. To whatever extent the court made and relied on this credibility determination in rejecting Appellant's motion, doing so was a misapplication of law. *Id.* That is, a credibility determination as to innocence is not a proper basis for rejecting a pre-sentence request to withdraw a plea. *Id.*

■■■ It is true that a court deciding a motion to withdraw a plea is permitted to assess the sincerity of a defendant's intent to assert innocence and, if the court finds the assertion to be conditional or contradictory, the court may properly choose to deny the motion. *Katonka*, 33 A.3d at 47–49; *Commonwealth v. Tennison*, 969 A.2d 572, 577–78 (Pa.Super.2009). In *Tennison*, for example, the defendant's pre-sentence request and his assertion of innocence were conditional. More specifically, the defendant, who had pled guilty and *nolo contendere* to various charges, wanted to delay his state sentencing in order to avoid having his state judgment of sentence used against him in an upcoming plea and sentencing in federal court. At various times when it appeared his state sentencing date might not be postponed beyond his federal date, he asserted his innocence and sought to withdraw his state pleas. However, when faced with the prospect that the state sentencing could possibly be postponed beyond the federal sentencing, the appellant was willing to plead guilty and/or *nolo contendere*. This Court opined:

> … [The defendant's] conditional assertion of innocence—invoked at the prospect of being sentenced, withdrawn at the prospect of receiving yet another continuance—was anything but clear. Indeed, no sooner would the assertion be made than it would be completely contradicted by statements admitting guilt should sentencing be deferred until resolution of the federal case.

*Tennison*, 969 A.2d at 577.

Accordingly, we declined to disturb the trial court's rejection of the Tennison's assertion of innocence. *Id.* In the present case, however, Appellant unequivocally alleged his innocence in his pre-sentence motion. It is true that, at the hearing on his motion to withdraw his pleas, Appellant

claimed he had initially pled guilty while intending to seek withdrawal as a means of ridding himself of his plea counsel and securing the appointment of new counsel. The trial court determined any such surreptitious plan was not a valid basis for plea withdrawal. However, we need not pass on the impropriety of that alleged plan. We find that Appellant specifically alleged his innocence in his pre-sentence motion to withdraw his pleas, that his assertion was a fair and just reason for plea withdrawal, and that the record does not support the conclusion that the Commonwealth's ability to try Appellant will be substantially prejudiced by the withdrawal of Appellant's pleas.

In summary, the trial court's decision to deny Appellant's motion was based on a number of errors, including these: manifestly unsound reasoning that the two months between Appellant's guilty pleas and his withdrawal motion degraded the complainants' memories/abilities to testify, thereby substantially prejudicing the Commonwealth; non-record based speculation that the complainants might not be available to, and cooperative with, the Commonwealth if Appellant's pleas are withdrawn; a dismissive attitude toward bedrock constitutional rights; and a misapplication of law in that the court believed admissions of guilt during a plea hearing invalidated and/or made incredible Appellant's pre-sentence assertion of innocence. The foregoing errors reveal that the court abused its discretion when denying Appellant's pre-sentence request to withdraw his pleas.

Based on our foregoing discussion, we vacate Appellant's judgment of sentence and remand this case with instructions that the trial court order Appellant's guilty pleas withdrawn. The court shall conduct whatever proceedings are necessary for the resolution of this case.

Judgment of sentence vacated. Remanded with directions that trial court enter an order withdrawing Appellant's guilty pleas and that the court conduct further proceedings consistent herewith. Jurisdiction relinquished.