J-S42023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL JOSEPH HOOPSICK, JR. | |
| Appellant | No. 1816 WDA 2013 |

Appeal from the Judgment of Sentence October 23, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000648-2013

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 04, 2014**

Daniel Joseph Hoopsick, Jr. ("Appellant") appeals from the judgment of sentence entered following his *nolo contendere* plea.  After careful review, we vacate the judgment of sentence and remand the matter for further proceedings.

The facts and procedural history may be summarized as follows.  On July 10, 2013, Appellant entered a plea of *nolo contendere* to one count each of sexual assault,[1] endangering the welfare of children,[2] and corruption of minors[3] based on allegations that he forced a minor female victim to

_____

[1] 18 Pa.C.S. § 3124.1.

[2] 18 Pa.C.S. § 4304.

[3] 18 Pa.C.S. § 6301.

perform oral sex on him in December of the previous year. Prior to sentencing, Appellant filed a Motion to Withdraw Nolo Contendere Plea and Continue Until January 2014 Trial Term ("Motion to Withdraw Plea") to which the Commonwealth filed a response. On October 23, 2013, the trial court conducted a hearing and denied the Motion to Withdraw Plea. The trial court then sentenced Appellant to an aggregate term of 66 to 180 months of incarceration as follows: 54 to 120 months of incarceration on the sexual assault conviction, 12 to 60 months of incarceration on the endangering welfare of children conviction to be served consecutively to the sexual assault conviction, and 12 to 60 months of incarceration on the corruption of minors conviction to be served concurrently to the endangering the welfare of children conviction. Appellant timely appealed.

Appellant raises the following questions for our review:

[1.] Did the lower court improperly deny defense counsel's request for the appointment of conflict counsel[] in violation of [Appellant's] 6th Amendment right to counsel?

[2.] Did the lower court err in failing to permit Appellant to withdraw his plea, as his plea was not knowing and voluntary?

[3.] Did the lower cour[t] abuse its discretion when it deemed [Appellant] a sexually violent predator, as there was insufficient evidence to support such a finding?

Appellant's Brief, p. 2 (all capitals removed).

We address Appellant's second claim first, as it is dispositive. Appellant argues that the trial court erred when it did not allow him to

withdraw his plea of *nolo contendere* prior to sentencing. **See** Appellant's Brief, pp. 4-6. We agree.

"[I]n terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." **Commonwealth v. Miller**, 748 A.2d 733, 735 (Pa.Super.2000). The Pennsylvania Rules of Criminal Procedure allow the withdrawal of a *nolo contendere* plea as follows:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). We review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. **Miller**, 748 A.2d at 735.

Although there is no absolute right to withdraw a guilty plea, this Court has repeatedly stated that "[a] pre-sentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion would cause substantial prejudice to the Commonwealth." **Commonwealth v. Gordy**, 73 A.3d 620, 623-24 (Pa.Super.2013) (citing **Miller**, 748 A.2d at 735) (internal citations omitted). As the Court has further explained:

> An assertion of innocence can constitute a fair and just reason for plea withdrawal. In the context of a pre-sentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position that it would have been had the trial taken place as originally scheduled. Thus, prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that

inconvenience somehow impairs the Commonwealth's prosecution.

***Gordy***, 73 A.3d at 624 (internal citations omitted). The fact that a witness later becomes a reluctant witness does not demonstrate that substantial prejudice has inured to the Commonwealth to permit denial of pre-sentence withdrawal of a guilty plea. ***See Commonwealth v. Kirsch***, 930 A.2d 1282, 1286-88 (Pa.Super.2007).

Here, Appellant filed his Motion to Withdraw Plea prior to sentencing. In support of his request, Appellant claimed actual innocence both in his motion and at the hearing on the motion. ***See*** Motion to Withdraw Plea, p. 1 ("Motion to Withdraw Plea"); N.T. 10/23/2013, p. 4. Appellant's claim of actual innocence constituted a fair and just reason for the trial court to permit the pre-sentence withdrawal of Appellant's guilty plea.[4] ***See Gordy***, ***supra***.

At the hearing on the Motion to Withdraw Plea, the Commonwealth offered the testimony of Stacie Pedersen, the victim's caseworker from the Erie County Office of Children and Youth. ***See*** N.T. 10/23/2013, pp. 6-10. Ms. Pedersen explained that, prior to Appellant's *nolo contendere* plea, the

_____

[4] We note that Appellant's claim of actual innocence does not contradict his previous plea. ***See Commonwealth v. Boyd***, 292 A.2d 434, 435 (Pa.Super.1972) (noting that a plea of nolo contendere is not an express admission of guilt, but instead is a waiver of trial and an authorization for the court to treat the defendant as if he were guilty for the purpose of the case).

victim exhibited an elevated level of anxiety, decreased concentration, difficulties in school, behavioral outbursts, aggressive behaviors, and bed-wetting. *Id.* at 8. Ms. Pedersen testified that these behaviors decreased significantly after the victim learned of the plea and believed the matter to be resolved. *Id.* at 7. However, Ms. Pedersen opined that the victim's anxiety and negative behaviors would return and possibly increase if the victim learned that she would have to testify in a trial. *Id.* at 8. Based on the Motion to Withdraw Plea and the hearing testimony, the trial court denied the motion, explaining that (1) Appellant had presented a fair and just reason for the withdrawal of his plea, but (2) "there would be a significant impact upon the child victim if that plea were withdrawn." N.T. 10/23/2013, p. 17. This was error.

The victim's pre-plea anxiety is akin to anxiety experienced by witnesses in criminal cases every day in this Commonwealth and amounts to her personal inconvenience. That the victim's mental state had improved after learning of the plea is immaterial. Appellant's request to withdraw his *nolo contendere* plea would have returned the Commonwealth to exactly where it had been prior to the plea: in a situation where the Commonwealth needed to prove its case using the testimony of a reluctant witness.[5] As

---

[5] We further note that the "significant impact upon the child" feared by the trial court was entirely speculative. Even if proven, the witness's increased reluctance to testify attendant to learning Appellant had withdrawn his plea

*(Footnote Continued Next Page)*

such, the Commonwealth would not have experienced "substantial prejudice" had the trial court allowed Appellant to withdraw his plea prior to sentencing. *See Gordy, supra*; *see also Kirsch*, 930 A.2d at 1288 (having to prove its case following withdrawal of a plea is not prejudice to the Commonwealth). Accordingly, the trial court abused its discretion in denying the pre-sentencing Motion to Withdraw Plea.

Because our determination of Appellant's second issue is dispositive to the matter, we need not examine his remaining claims.

Judgment of sentence vacated. Order denying the Motion to Withdraw Plea reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judge Panella notes dissent.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/4/2014


*(Footnote Continued)* _____

would not have demonstrated substantial prejudice to the Commonwealth. *See Gordy*, *supra*.