J-S54029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
             :             PENNSYLVANIA
             :
       v.              :
             :
             :
DERON LEE ODEM          :
             :
      Appellant      :    No. 300 WDA 2018

Appeal from the Judgment of Sentence January 31, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001140-2016

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED SEPTEMBER 21, 2018**

Deron Lee Odem appeals from the judgment of sentence, entered in the Court of Common Pleas of Mercer County, after pleading no contest to rape, 18 Pa.C.S.A. § 3121(a)(1). After review, we affirm.

On September 13, 2017, Odem entered a plea of no contest to one consolidated count of rape; pursuant to the plea agreement, the remaining charges were *nolle prossed*. On December 6, 2017, at sentencing, Odem expressed a desire to withdraw his no contest plea and the trial court continued his sentencing hearing to January 31, 2017. On December 7, 2017, Odem filed a motion to withdraw his no contest plea, which the trial court denied. On January 31, 2018, the trial court sentenced Odem to 114 to 240 months' imprisonment. Odem timely appealed, and on March 2, 2018, the trial court ordered Odem to file a concise statement of reasons complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Odem filed

his Rule 1925(b) statement on March 27, 2018, twenty-five days after the trial court ordered him to do so. The trial court has complied with Rule 1925(a). On appeal, Odem raises one issue for our review: Whether the trial court erred in denying [Odem's] motion to withdraw his guilty plea?

Before addressing the merits of Odem's claims, we must evaluate whether he has preserved his sole issue for our review, as required by Pa.R.A.P. 1925(b). *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925."); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (untimely concise statement waives all claims on appeal); *see also* Pa.R.A.P. 1925(b)(2) ("The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.").

*Lord* operates as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *see also Castillo*, 888 A.2d at 780. "Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention." *Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (en banc). "[I]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." *Id.*; *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa. Super. 2007) ("Whenever a trial court orders an appellant to file a concise

statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a *timely manner*.") (emphasis added).

Here, Odem filed his Rule 1925(b) statement four days late.[1] Furthermore, the trial court, in its order, stated that "[a]ny issue not properly included in the [Rule 1925(b)] Statement timely filed and served shall be deemed waived[;]" thus, Odem had notice of the timeliness requirement. Odem has failed to adhere to the dictates of the trial court's order and the rules of appellate procedure, and thus, he has waived his issue for our review.[2] ***Castillo***, ***supra***; Pa.R.A.P. 1925(b)(2).

Judgment of sentence affirmed.

---

[1] We note, Odem has not addressed the untimeliness of his Rule 1925(b) statement in his brief.

[2] Even if Odem had not waived this claim for our review, we would not find that the trial court erred in denying his pre-sentence motion to withdraw his guilty plea. The decision to grant or deny a motion to withdraw rests within the trial court's discretion, and this Court may not disturb the trial court's decision on such a motion unless it finds the trial court abused that discretion. ***See Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013). Furthermore, there is no absolute right to withdraw a guilty plea. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015). Here, the trial court determined that Odem's argument that trial counsel was ineffective was meritless and that his bare assertion of innocence was implausible, and thus, insufficient to merit granting his motion. Following review of the record, the parties' briefs and relevant case law, we would be inclined to affirm the trial court's decision had Odem not waived this issue for our review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2018