J-S21020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN STANFORD LEE | : | |
| | : | |
| Appellant | : | No. 2819 EDA 2017 |

Appeal from the Judgment of Sentence August 17, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006593-2016

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 06, 2019**

Ryan Stanford Lee (Appellant) appeals from the judgment of sentence imposed following his open guilty plea to third-degree murder and criminal conspiracy.[1]  Appellant's counsel (Counsel) seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court recited the pertinent facts and procedural history of this case as follows:

> According to the Affidavit of Probable Cause, on the evening of March 18, 2011, Appellant was driving his sister's gray, four-door 1997 Chevrolet Malibu with tinted windows through the streets of Norristown with his friend, Omar Massenburg, riding as the front

---

[1]  18 Pa.C.S.A. §§ 2502(c), 903(a)(1).

seat passenger and Steven Jackson as a rear seat passenger when they observed the Victim, seventeen-year-old D'Ravious Dawkins ("Victim" or "Dawkins") walking home from his girlfriend's house along Noble Street near West Oak Street in Norristown Borough, Montgomery County. (Affidavit of Probable Cause, filed 7/6/16). Massenburg exited the Malibu and approached young Mr. Dawkins with the intent of robbing him. (*Id*.). A witness walking his dog in that area later described the encounter to police. He saw the two men struggling and heard the younger man ask "why are you doing this to me?" (*Id*. at 2-3). The witness heard a "pop" and observed the young man fall to the ground. (*Id*. at 3). Seconds later he observed a four-door sedan pull away on Oak Street driving "really fast." (*Id*.). Another witness who heard the gunshot described a light gray vehicle parked on West Oak Street at Noble Street pulling away from the area "pretty fast." (*Id*. at 2).

At approximately 10:08 p.m., Norristown Borough Police Officers responded to the intersection of Noble Street and West Oak Street and found the Victim unconscious in the roadway. (*Id*. at 1). At 10:28 p.m., doctors at Montgomery Hospital pronounced Dawkins dead. (*Id*.). Dr. Paul Hoyer, a forensic pathologist, performed an autopsy on Mr. Dawkins on March 19, 2011. Dr. Hoyer recovered a projectile from the body and opined that Mr. Dawkins died from a single gunshot wound to his neck area. (*Id*.). Dr. Hoyer ruled the manner of death a homicide. (*Id*.).

\*　　\*　　\*

Following years of diligent police work by the Norristown Borough Police Department and Montgomery County Detective Bureau, Massenburg was arrested on March 16, 2016, and Appellant on July 15, 2016, for the murder of D'Ravious Dawkins. The court held a hearing on Appellant's motion to suppress recorded conversations on March 6, 2017, and heard argument on numerous pretrial motions on April 3, 2017.

After granting Appellant's request for a continuance, the court scheduled Appellant's trial to begin on Monday, April 17, 2017. Following a four-day trial before the undersigned, a jury convicted Appellant's co-conspirator Massenburg of second-degree murder and other offenses on Friday, April 14, 2017. On the day Appellant was to select a jury, Counsel informed the court that Appellant

wished to enter open pleas of guilty to the charges of third-degree murder and criminal conspiracy to commit third-degree murder.

Trial Court Opinion, 11/7/18, at 1-4 (footnotes omitted).

On April 17, 2017, Appellant pled guilty to the aforementioned crimes. On May 8 and 15, 2017, Appellant mailed the trial court two letters expressing his desire to withdraw his guilty plea, in which he alleged that he entered his plea under duress and that he did not receive enough time to contemplate his options. On June 7, 2017, the trial court held a hearing regarding Appellant's desire to withdraw his guilty plea. Ultimately, on July 17, 2017, the trial court denied Appellant's request to withdraw his guilty plea. On August 17, 2017, the trial court sentenced Appellant to an aggregate term of 17½ to 35 years of incarceration.

Appellant did not file post-sentence motions. On September 5, 2017, Appellant filed a notice of appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Counsel has filed a petition to withdraw and brief pursuant to *Anders* and *Santiago*. There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to precisely what an **Anders** brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the

- 4 -

responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 12/24/18, ¶ 10. In conformance with **Santiago**, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might arguably support Appellant's appeal. **See Anders** Brief at 5-18. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. **See id.** at 15-18. Finally, Counsel has filed with this Court the letter that he sent to Appellant, which enclosed Counsel's petition and **Anders** brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. We therefore turn to the merits of Appellant's case.

The single issue presented by Counsel in the **Anders** brief is whether the trial court erred when it denied his request to withdraw his guilty plea. Appellant asserts that in his letters to the trial court in which he requested the withdrawal of his guilty plea, he provided the court with an explanation of events indicative of his innocence and alleges that he was under duress when

he made the plea because he did not have sufficient time to consider his options and discuss them with Counsel.

Preliminarily, we recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). "The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

With respect to pre-sentence motions to withdraw a guilty plea, our Supreme Court, in ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), explained:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. The perfunctory fashion in which these principles were applied . . . lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason.
>
> *      *      *
>
> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with

- 6 -

the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1291-92.

Here, the trial court detailed its decision to deny Appellant's pre-sentence request to withdraw his guilty plea as follows:

Instantly, as fairly described by his counsel, Appellant provided an "outline of the facts" (N.T. Motion to Withdraw Guilty Plea, 6/7/17 at 5) by stating "maybe I was there to pick someone up and they was taking to[o] long so the passenger went to tell the person to hurry up an[d] on the[ir] way to the door they cross paths with Dawkins an[d] decided to freelance a[d] [sic] rob him." (Commonwealth Exhibit A, at 1). Appellant had the opportunity to expand on this outline of the facts with testimony at the hearing on his motion to withdraw his guilty plea, but [chose] not to do so. He offered no supporting evidence. Even in his May 2017 letters to the court suggesting a claim of innocence, Appellant admitted at a minimum that he was driving that night and present at the scene of the murder.

In contrast, the Commonwealth offered evidence from several sources, including Appellant's own words, in support of Appellant's guilt. In short, Appellant's claim is belied by the record, both that presented at the hearing on the motion to withdraw guilty plea as well as the factual basis adopted by Appellant at his guilty plea hearing on April 17, 2017, the day he was to begin trial on charges including first- and second-degree murder. While Appellant did not have to prove his innocence at the hearing on his motion to withdraw the guilty plea as Appellant's counsel pointed out and this court acknowledges, his claim of innocence is simply not plausible.

It is also apparent from Appellant's May 2017 letters that the reason behind the request to withdraw was Appellant's fear of the possible sentence that the court could impose and his inability to challenge that sentence after pleading guilty. However, his counsel made it clear on the record at Appellant's plea colloquy that Appellant understood the possible sentences he could receive as a result of entering the guilty plea. . . . These do not constitute valid reasons for allowing withdrawal of a knowing, intelligent and voluntarily entered plea.

- 7 -

The court also questioned Appellant during his guilty plea colloquy about the time Appellant had to consider his options, that he had the opportunity to discuss his decision with friends and family and enough time to ask questions of and discuss the decision with his Counsel. Appellant replied that he had indeed discussed his option with others and had enough time to ask questions of Counsel. Thus, Appellant's sworn testimony during his April 2017 guilty plea colloquy contradicts the words in his May 2017 letters.

Lastly, this court considered the prejudice to the prosecution should Appellant's request to withdraw his guilty plea be granted and determined that it would be substantial. As explained by ADA Heron, the majority of the Commonwealth witnesses were cooperating witnesses whose cases had been left open while awaiting the trials of Appellant and co-conspirator Massenburg. Once Appellant had entered his plea, those witnesses went before Judge Carpenter for sentencing. After Judge Carpenter heard about their cooperation in the Massenburg trial, including their testimony, and the fact that Appellant had entered a guilty plea, he sentenced two of the main cooperating witnesses to time served. Assuming that these witnesses would even be willing to testify now, which is doubtful, the Commonwealth argued that their credibility would be diminished from the level that it was before their sentencing. In other words, if the request to withdraw were granted, the Commonwealth would not be in the same position pre-trial that it would have been had Appellant proceeded with trial on April 17, 2017, instead of entering a guilty plea.

The Commonwealth also argued that convincing the witnesses to come back into court and testify, those cooperating as well as the resident witnesses who live in Norristown, would be more difficult because of the intimidation factor. Appellant's argument that he was unaware of and disavowed the intimidation of witnesses that occurred during his co-conspirator's trial misses the mark. This court has documented cases of witness intimidation, including the case presided over by the undersigned in Appellant's conviction by a jury in April of 2015. **See Commonwealth v. Ryan Stanford Lee**, Montgomery County Docket No. CR-7659-2014, *aff'd* **Commonwealth v. Lee** No. 3803 EDA 2015 (Pa. Super. Filed July 3, 2018) (unpublished memorandum). In that case, Appellant was convicted of shooting at an individual who testified before a Grand Jury. The inability to

secure witness testimony because of this intimidation is substantially prejudicial to the Commonwealth.

Based on the totality of the circumstances in this case, a review of the entire record as well as the applicable law, including all of the factors this court is required to consider, the court determined that Appellant had failed to offer a "fair and just" reason to justify granting the request to withdraw his guilty plea. Further, the court determined that substantial prejudice would inure to the Commonwealth should Appellant's request to withdraw his plea be granted. Therefore, this court has properly exercised its discretion, and [this] issue merits no relief.

Trial Court Opinion, 11/7/18, at 20-23.

Based on our review of the certified record, including the transcripts of Appellant's guilty plea colloquy and the hearing on Appellant's request to withdraw his plea, we conclude that the trial court did not abuse its discretion in denying Appellant's request to withdraw his plea. Appellant asserts two arguments in support of his claim that the trial court erred in precluding him from withdrawing his plea: (1) that he offered a plausible explanation of his innocence, and (2) that he was under duress when he pled guilty because of having insufficient time to weight his options. There is, however, no record support for either argument.

Appellant offered no evidence at the hearing on his motion to withdraw his guilty plea to support his claim of innocence, and instead relied solely on the letters he had mailed to the trial court. With regard to Appellant's claim that he made his guilty plea under duress, the transcript of his guilty plea colloquy reveals that Appellant answered in the affirmative when the trial court asked him if he had ample time and opportunity to discuss his decision to

plead with family, friends, and Counsel.  N.T., 4/17/17, at 20-21.  As the trial court accurately recognized, "[a] defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012).

Moreover, it is apparent from our reading of Appellant's letters to the trial court that Appellant sought the withdrawal of his guilty plea, in part, because of his concern with the potential length of his sentence.  ***See*** *Pro Se* Correspondence, 5/18/17.  This Court has repeatedly stated that the "desire to avoid a more lengthy prison term is not grounds for withdrawing [a] plea." ***Commonwealth v. Baez***, 169 A.3d 35, 41 (Pa. 2017).

Based on these considerations, along with the issues outlined by the trial court regarding the Commonwealth's witnesses, we conclude that Appellant has failed to demonstrate that permitting withdrawal of his plea would promote fairness and justice or that it would not substantially prejudice the Commonwealth.  ***See Carrasquillo***, 115 A.3d at 1291-92.

Finally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous.  We thus find this appeal to be wholly frivolous and permit Counsel to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19