**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTO EFFRAIN GARCIA | : | |
| | : | |
| Appellant | : | No. 595 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 22, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003723-2019

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED OCTOBER 27, 2021**

Justo Effrain Garcia (Garcia) appeals from the January 22, 2021 judgment of sentence imposed by the Court of Common Pleas of Northampton County (trial court) following his negotiated guilty plea to one count of rape by forcible compulsion.[1]  He argues that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea.  We affirm.

**I.**

On May 19, 2011, Garcia grabbed a female jogger from behind, held her at knifepoint, dragged her into the woods and raped her.  DNA evidence identified him as the perpetrator but he was not charged in connection with

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1).

the crime until 2019 after he was apprehended in New Mexico. Garcia was charged with rape by forcible compulsion, rape by threat of forcible compulsion, sexual assault, aggravated indecent assault without consent, aggravated indecent assault by forcible compulsion, aggravated indecent assault by threat of forcible compulsion, indecent assault without consent, indecent assault by forcible compulsion, indecent assault by threat of forcible compulsion, possession of an instrument of crime, unlawful restraint and terroristic threats.[2]

On June 4, 2020, Garcia entered a negotiated guilty plea to rape by forcible compulsion for a sentence of 10 to 20 years' imprisonment. In addition, the Commonwealth withdrew the remaining charges, and another case in which Garcia was facing a parole violation would be closed without further penalty. Garcia executed a written guilty plea colloquy affirming that he understood the charges and his pre-trial, trial and post-sentence rights. He stated that he was using medication for Post-Traumatic Stress Disorder but that it did not impair his ability to understand the proceedings or make decisions. He confirmed that he was entering the plea of his own free will, had not been threatened or promised anything to enter the plea, and that he had sufficient time to consult with his attorney and discuss possible defenses.

---

[2] 18 Pa.C.S. §§ 3121(a)(1), (2); 3124.1; 3125(a)(1)-(3); 3126(a)(1)-(3); 907(a); 2902(a)(1); 2706(a)(1).

The trial court reviewed the terms of the plea with Garcia on the record. It reviewed the sentencing guidelines for the offense based on Garcia's Prior Record Score (PRS) of 5, but made clear that the plea included an agreed-upon sentence of the statutory maximum of 10 to 20 years' imprisonment, which Garcia said he understood. Notes of Testimony, Plea Hearing, 6/4/20, at 7-8. Garcia repeatedly stated that he was satisfied with his decision to plead guilty and that he did not need additional time to discuss the matter with his attorney. *Id.* at 9-10. The trial court then reviewed the written guilty plea colloquy with Garcia on the record. Garcia expressed that he had wanted to enter a *nolo contendere* plea rather than a guilty plea, but understood that neither the Commonwealth nor the trial court would have accepted such a plea. Finally, the Commonwealth recited the facts of the offense and Garcia admitted his guilt.

Sentencing was deferred for an evaluation by the Sexual Offenders Assessment Board. On August 3, 2020 Garcia, filed a *pro se* motion to withdraw his guilty plea which counsel adopted at a hearing on September 11, 2020. Garcia testified at the hearing and requested to withdraw his plea because, *inter alia*, he felt pressured when he entered the plea:

> At the court date I felt under duress. I felt under pressure. My decision had to be made right then and there. The original plea was not accepted. The other plea came and it had to be done right then and there. I felt pressured. I didn't want to—I don't like wasting time. I don't like wasting my time. I felt like if I was going to ask for anymore time to—I would be wasting the Court's time. I didn't want to go through that, and I was—I felt really under duress.

- 3 -

Notes of Testimony, Motion Hearing, 9/11/20, at 10-11. The trial court then read at length from the transcript of the plea hearing in which Garcia had stated that he had sufficient time to consider his decision before pleading guilty. Garcia responded by saying that he was dissatisfied with counsel's performance.

In response, the Commonwealth argued that Garcia had not set forth a fair and just reason to support withdrawal of his plea. It pointed out that Garcia had repeatedly testified at the plea hearing that he had sufficient time to consider the plea and consult with counsel. In addition, the Commonwealth argued that it would face substantial prejudice if Garcia was permitted to withdraw his plea. It argued that prior to the plea, the Commonwealth only had 37 days remaining to bring Garcia to trial in accordance with the Interstate Agreement on Detainers (IAD).[3] It had spent a considerable amount of money to secure witnesses from New Mexico, Arizona and Erie, Pennsylvania, and it was not confident that it could once again guarantee their presence for trial in that short time-frame during the coronavirus pandemic. Finally, it argued that while the victim had attended earlier court proceedings, she had made peace with the plea and had not responded to any attempts to contact her since the plea hearing.

---

[3] 42 Pa.C.S. § 9101 *et seq.*

The trial court denied the motion, concluding that Garcia had not presented a fair and just reason for withdrawal and that the Commonwealth would suffer substantial prejudice if the motion was granted. On January 22, 2021, it imposed the agreed-upon sentence of 10 to 20 years' imprisonment. Garcia filed a post-sentence motion which was denied. He timely appealed and he and the trial court have complied with Pa. R.A.P. 1925.

**II.**

Garcia raises one issue on appeal: whether the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea.[4] He argues that he entered his plea under duress and did not have sufficient time to consider the plea before entering it. No relief is due.

A pre-sentence motion to withdraw a guilty plea must be granted if the defendant offers a fair and just reason to do so, and permitting the withdrawal will not cause substantial prejudice to the Commonwealth.[5] ***Commonwealth***

---

[4] We review the denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Elia***, 83 A.3d 254, 261 (Pa. Super. 2013).

[5] When reviewing the guilty plea colloquy on the record, the trial court erroneously informed Garcia that because his plea included a negotiated sentence, he would only be permitted to withdraw it prior to sentencing upon a showing of "manifest injustice." Plea Hearing at 15; ***see also Commonwealth v. Hvidza***, 116 A.3d 1103, 1106-07 (Pa. 2015) (holding that fair and just reason standard applies to presentence motion to withdraw, even when plea is not open as to sentence). However, at the hearing on his motion, the trial court applied the correct standard for a presentence motion to withdraw by finding that Garcia had not presented a fair and just reason to
*(Footnote Continued Next Page)*

*v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). Requests to withdraw a plea prior to sentencing should be liberally allowed. *See Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019). When considering such a request, the trial court must determine whether the defendant has made "some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* (quoting *Carasquillo*, *supra*, at 1292).

However, substantial prejudice to the Commonwealth may foreclose withdrawal of a plea if, "due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position that it would have been had the trial taken place as originally scheduled." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013). Mere inconvenience to witnesses is not sufficient to establish substantial prejudice. *Id.*

Here, Garcia argues that he entered his plea under duress and did not have time to fully contemplate the consequences of pleading guilty.[6] The record belies this assertion. Garcia completed a written and oral colloquy

---

withdraw his plea, and that the Commonwealth would be substantially prejudiced if the motion was granted. *See* Motion Hearing at 22. Garcia does not argue on appeal that the incorrect standard recited at the plea hearing had any bearing on the voluntariness of his plea.

[6] At the motion hearing, Garcia also raised arguments related to the *prima facie* case at the preliminary hearing and the assistance of trial counsel in support of his motion to withdraw. He does not raise these claims on appeal, and he has never asserted innocence as a basis to withdraw his plea.

before entering his plea in which he repeatedly averred that he had time to contemplate the plea and consult with counsel and that he was satisfied with his decision to plead guilty. The oral colloquy conducted by the trial court was not by rote, and it offered Garcia more time to consider his decision or speak with his attorney if necessary. *See* Plea Hearing at 9-10. The trial court questioned Garcia extensively to clarify his answers to the colloquy until it was satisfied that he was entering the plea knowingly and voluntarily. *Id.* at 11-18, 34-35. In light of his answers to the plea colloquy and the thorough questioning by the trial court before it accepted the plea, Garcia failed to establish a fair and just reason to support his motion to withdraw.

Moreover, the trial court did not abuse its discretion in holding that the Commonwealth would suffer substantial prejudice if Garcia was permitted to withdraw his plea. Garcia entered his plea approximately two weeks before his trial was scheduled to begin in the midst of the coronavirus pandemic. At that time, the Commonwealth had subpoenaed and arranged travel for witnesses in New Mexico, Arizona and Erie, Pennsylvania. Garcia had been transported to Pennsylvania from New Mexico to stand trial in this case pursuant to the IAD, and his case had been pending for approximately one year. As a result, the Commonwealth had only 37 days remaining to bring

him to trial before he entered his plea.[7]  The Commonwealth argued that it could not guarantee that it could once again arrange travel for its witnesses and schedule a timely trial date if Garcia withdrew his plea.

Finally, while the victim had been present for the preliminary hearing and had communicated with the Commonwealth through the date of Garcia's plea, she had ceased responding to the Commonwealth's attempts to contact her after the negotiated plea was accepted.  Thus, the record reflects that the Commonwealth was prepared to bring Garcia to trial, with all required witnesses and under the relevant timeliness constraints, when Garcia elected instead to enter his plea.  ***Gordy***, ***supra***.  Under these circumstances, the trial court correctly determined that the Commonwealth would be substantially prejudiced by the withdrawal of Garcia's plea.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 10/27/2021

---

[7] The time limitations of the IAD and the delays caused by the coronavirus pandemic had been litigated earlier in the case.  ***See*** Commonwealth's Petition for Hearing to Extend Time Pursuant to 42 Pa.C.S.A. § 9101, 3/17/20.