J-S17006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT DILUZIO, | |
| Appellant | No. 3812 EDA 2017 |

Appeal from the Judgment of Sentence Entered October 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008130-2015

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 05, 2019**

Appellant, Robert DiLuzio, appeals *pro se* from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed on October 10, 2017, following his guilty plea to third-degree murder and related offenses. On appeal, Appellant contends, *inter alia*, that the court erred by denying his motion to withdraw his guilty plea.  We affirm.

The trial court summarized the facts of this case, as follows:

Around 1:30 in the afternoon of July 2, 2015, [Appellant], also known as Cali Rob, was at 2813 Orthodox Street in Philadelphia, his home. He was first approached by a male who confronted [Appellant] about a robbery the night before of his friend, Daniel Santiago, requesting that [Appellant] return what he had taken. [Appellant] refused and slammed the door in the male's face. Approximately twenty-five minutes later, a second male approached [Appellant] asking for the return of Santiago's property. [Appellant] again refused, this time, displaying a firearm

to make his point. The second male retreated. A short time later a third male approached [Appellant] requesting the return of Santiago's property. Santiago was on the sidewalk. In response, [Appellant] raised his gun and shot Santiago three times, resulting in the death of Daniel Santiago. [Appellant] fled from the rear of the property and when confronted by the police, reached for the gun in the waistband of his pants. The officers exited their vehicle and subdued [Appellant], removing from his person a []9 mm pistol, fifty rounds of []9 mm ammunition, a box of []22 caliber long rifle ammunition and [$4,167]. [Appellant] told the officers that it was the first time he had shot anybody. Neighborhood security videos depicted the killing in its entirety. Ballistics matched [Appellant's] gun with the fired cartridge casings outside of [Appellant's] house.

Trial Court Opinion (TCO), 12/11/17, at 1-2 (citation to the record omitted).

Based on these facts,

[Appellant] was arrested on July 2, 2015, and charged with murder; two counts each of criminal conspiracy, robbery and possessing the instruments of a crime [(PIC)]; and three counts each of firearms not to be carried without a license, and carrying firearms in public in Philadelphia. Following a preliminary hearing on August 12, 2015, [Appellant] was bound over for court on all charges. Jury selection commenced June 20, 2016, with trial to start the following day. Prior to the jury being sworn, [Appellant] entered into a negotiated plea to the charge of murder of the third degree, [robbery, criminal conspiracy, carrying a firearm on a public street in Philadelphia,] firearms not to be carried without a license[,] and [PIC] for an aggregate sentence of twenty-five to fifty years' incarceration. No direct appeal was taken.

*Id.* at 1-2.

On March 21, 2017, Appellant filed a *pro se* petition under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] The PCRA court

---

[1] The trial court incorrectly states in its Pa.R.A.P. 1925(a) opinion that in Appellant's *pro se* petition, he "claim[ed] ineffective assistance of counsel solely because his attorney failed to file a return of property petition for the [money] allegedly taken from him at the time of his arrest." TCO at 2. The

appointed counsel, who filed an amended petition on Appellant's behalf. Therein, counsel meaningfully argued only that Appellant's sentence of 25 to 50 years' incarceration for third-degree murder was illegal because it exceeded the statutory maximum term of 40 years' incarceration. ***See*** Amended PCRA Petition, 8/1/17, at 4. Counsel also cursorily stated, without discussion, that Appellant's plea was involuntary because he was not informed of the appropriate statutory maximum sentences that he faced, and because Appellant "disputed part of the factual recitation." ***Id.*** At the close of the amended petition, counsel asked that the court "vacate his sentence and permit [Appellant] to proceed to trial." ***Id.*** at 5.

On August 2, 2017, the PCRA court issued an order stating that Appellant's petition was granted, and rescheduling a new sentencing hearing for October 10, 2017. At the outset of that hearing, the PCRA court clarified that it was denying Appellant's remaining post-conviction claims. N.T. Resentencing, 10/10/17, at 3. Additionally, the court denied Appellant's pre-sentence oral motion to withdraw his guilty plea. The court then sentenced Appellant to 20 to 40 years' incarceration for third-degree murder, and to two, consecutive terms of 2½ to 5 years' incarceration for his firearm and PIC offenses. Thus, Appellant's aggregate sentence remains at 25 to 50 years'

---

record does not support the court's characterization of Appellant's petition. As we discuss *infra*, Appellant clearly set forth several ineffectiveness claims pertaining to counsel's advising him to plead guilty, and he did not raise any issue involving counsel's failure to file a return of property petition.

incarceration.  The day after Appellant was resentenced, he filed another motion to withdraw his guilty plea.  Again, the court denied that request.

On October 18, 2017, Appellant's counsel filed a timely notice of appeal from the judgment of sentence imposed on October 10, 2017.  That appeal was docketed at 3389 EDA 2017.  On October 19, 2017, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant's counsel timely complied, raising the following, single issue for our review:

> The trial court erred in not permitting Appellant to withdraw his guilty plea prior to and after resentencing because the prior plea was involuntarily induced because Appellant was not aware of the statutory maximum for [m]urder in the [t]hird [d]egree and, as a consequence, Appellant should have been permitted to withdraw his plea and proceed to trial.

Rule 1925(b) Statement, 10/24/17, at 1 (citation to the record omitted).

Thereafter, on November 17, 2017, Appellant *pro se* filed an untimely, duplicative notice of appeal, which was erroneously assigned the present docket number (3812 EDA 2017), rather than being docketed at the number assigned to counsel's prior appeal.  Appellant then filed with this Court a petition to proceed *pro se*, prompting us to remand for the PCRA court to conduct a *Grazier*[2] hearing.  On April 6, 2018, the PCRA court issued an order stating that after conducting that hearing, it was granting Appellant's request to represent himself.  Accordingly, Appellant's counsel did not file a brief in

_____

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 4 -

the appeal docketed at 3389 EDA 2017, and it was dismissed by *per curiam* order of this Court on June 15, 2018.

Consequently, although the present appeal appears to be untimely, as it stems from Appellant's *pro se* notice of appeal, we will not quash. Appellant's counsel filed a timely notice of appeal on Appellant's behalf, and it appears that it was a breakdown in the operations of this Court that resulted in that appeal being dismissed and the present, facially untimely appeal proceeding. Thus, we may overlook the facial untimeliness of the present appeal. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) ("[A] court can grant relief [for an untimely appeal] in cases of fraud or a breakdown in the operations of the courts.") (citations omitted).

In Appellant's *pro se* brief to this Court, he raises three claims for our review:

1.) Did the PCRA [c]ourt err in failing to permit [A]ppellant to withdraw his guilty plea prior to and after resentencing, whereas, the determination that the sentence was illegal rendered the plea involuntarily induced because [A]ppellant was not aware of the statutory maximum for murder in the [t]hird [d]egree and, as a consequence, [A]ppellant should have been permitted to withdraw his plea and proceed to trial?

2.) Did the PCRA [c]ourt err in failing to properly dispose of [A]ppellant's PCRA [c]laims and instead render[ing] a decision upon claims not presented in the petition?

3.) Did the PCRA [c]ourt err in reaching a conclusion that has no support in the record, where[] the [c]ourt erroneously concluded the victim, Daniel Santiago, was also the robbery victim when the record proves the contrary?

Appellant's Brief at 2.

- 5 -

Initially, we observe that Appellant's second two claims were not preserved in the Rule 1925(b) statement filed by his prior attorney. However, the trial court's Rule 1925(b) order did not inform Appellant "that any issue not properly included in the [s]tatement timely filed and served … shall be deemed waived[,]" as required by Pa.R.A.P. 1925(b)(3). Consequently, we will not deem Appellant's second two issues waived for our review. **See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

Appellant first contends that the court erred by not permitting him to withdraw his guilty plea prior to, or after, his resentencing.[3] This Court has explained:

> A pre-sentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion would cause substantial prejudice to the Commonwealth. An assertion of innocence can constitute a

---

[3] To the extent Appellant initially frames this issue as a claim that his trial counsel acted ineffectively by advising him to plead guilty, such an argument is not properly before us. As stated *supra*, our jurisdiction over this appeal was triggered by the timely notice of appeal filed by Appellant's counsel, in which counsel stated that Appellant was appealing from the *judgment of sentence* imposed on October 10, 2017. Thus, our review is limited to claims involving "the re-sentencing procedure itself[,]" **Commonwealth v. McKeever**, 947 A.2d 782, 786 (Pa. Super. 2008), and we cannot consider any claims related to the PCRA court's denial of Appellant's petition.

- 6 -

fair and just reason for plea withdrawal. In the context of a pre-sentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position that it would have been had the trial taken place as originally scheduled. Thus, prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealth's prosecution.

*Commonwealth v. Gordy*, 73 A.3d 620, 623–24 (Pa. Super. 2013) (cleaned up).

In contrast, when a defendant moves to withdraw a guilty plea after sentencing, the standard is far more stringent. Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea.

*Commonwealth v. Islas*, 156 A.3d 1185, 1188 (Pa. Super. 2017) (cleaned up).

Finally, we note:

The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Gordy*, 73 A.3d at 624 (cleaned up).

Instantly, we do not agree with Appellant that the court abused its discretion by denying his motion to withdraw his plea, even under the more liberal, pre-sentence standard for withdrawal. The written plea colloquy

makes clear that Appellant was informed that the agreed-upon, aggregate sentence was 25 to 50 years' incarceration. ***See*** Written Guilty Plea Colloquy, 6/21/16, at 1. At the oral plea colloquy, the court again stated that Appellant was "getting 25 to 50 years in jail" in exchange for his plea. N.T. Plea/Sentencing, 6/21/16, at 5.[4] Appellant voluntarily and knowingly accepted this plea agreement, expressing no reservations about signing the written plea colloquy, and exhibiting no hesitation at the oral plea proceeding.

While the court ultimately structured Appellant's aggregate sentence in an illegal fashion by imposing 25 to 50 years' incarceration for his third-degree murder offense, Appellant still received the agreed-upon aggregate term. Thus, the illegality of Appellant's third-degree murder sentence did not render his negotiated plea agreement unknowing, unintelligent, or involuntary. Accordingly, the court did not abuse its discretion by finding there was no 'fair and just' reason to allow Appellant to withdraw his plea. Additionally, Appellant's sentence is now legal and remains consistent with the terms of the plea agreement. Thus, no relief is due.

In Appellant's next issue, he argues that "the PCRA court erred in failing to properly dismiss [] [A]ppellant's PCRA claims and rendering a decision upon claims not present in the petition." Appellant's Brief at 12 (unnecessary capitalization omitted). Again, as discussed *supra*, we cannot review the

_____

[4] The date on the transcript is incorrect, as it states May 11, 2017, but the parties and the court agree that the guilty plea took place on June 21, 2016. We use the correct date in citing the transcript.

decision of the PCRA court, as Appellant's appeal is from the imposition of his judgment of sentence. Thus, his second issue is not properly before us.

Nevertheless, we would conclude that Appellant's second issue is meritless. He contends that the PCRA court erred by misconstruing, and not properly addressing, the claims raised in his petition. While we agree with Appellant that the court misinterpreted his issues, **see** fn. 1, **supra**, we observe that Appellant's claims were woefully undeveloped in his petition. For instance, Appellant stated, in pertinent part:

> 5. Counsel's advise [*sic*] was objectively unreasonable in light of the alleged evidence and preliminary facts; and deprived [Appellant] of his Sixth Amendment right to be tried by a jury after one had been selected according to the wishes of [Appellant].
>
> 6. Counsel convinced [Appellant] to give-up [*sic*] this cherished right through fear and coersion [*sic*] and intimidation.
>
> 7. [Appellant] claims that his acceptance of the offered 50[-]year sentence was not a knowing, intelligent and voluntary plea. That counsel has withheld and misrepresented discovery information in the case.
>
> ***
>
> 9. Eyewitness accounts of what led to the victims [*sic*] death in this case were overwhelmingly conducive to a number of defenses which counsel failed to explain and or explore, where such defenses were the wishes of [Appellant].

Appellant's *Pro Se* PCRA Petition, 5/21/17, at 2-3 (unnecessary capitalization omitted).

Appellant did not explain what advice counsel specifically gave him that was erroneous, how counsel coerced him into giving up his right to go to trial, or what 'discovery information' counsel misrepresented. He also did not

discuss what defenses were available to him that counsel failed to explain to him. Additionally, Appellant's PCRA counsel did not expound on any of the above-stated claims in the amended petition. *See* Amended Petition, 8/1/17, at 2-5. Accordingly, we would conclude that the PCRA court properly denied Appellant's petition, were we able to review that decision herein.

Finally, in Appellant's third issue, he challenges the court's statement, in the factual summary of its Rule 1925(a) opinion, that Appellant "was first approached by a male who confronted [Appellant] about a robbery the night before of his friend, Daniel Santiago, requesting that [Appellant] return what he had taken." Appellant's Brief at 14 (quoting TCO at 3). According to Appellant, "[t]his factual conclusion is in error" because "[n]othing in the record supports the conclusion that Daniel Santiago was the robbery victim from the night before his murder." *Id.* Appellant then claims that because the court "relied upon an incorrect factual determination in dismissing his petition[,]" it somehow invalidates Appellant's guilty plea. *Id.*

This argument is clearly illogical and meritless. Even if the court's factual recitation in its Rule 1925(a) opinion is incorrect, as Appellant claims, he does not discuss how that error impacted the validity of the guilty plea he entered *years* before the court drafted its opinion. Additionally, we cannot address Appellant's bald assertion that this alleged factual inaccuracy impacted the PCRA court's decision to deny his petition, as this is an appeal from Appellant's judgment of sentence. Thus, Appellant's third issue does not warrant relief.

Judgment of sentence affirmed.

Judge Olson joins this memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/19