J-S73021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN THOMAS METHENY | : | |
| | : | |
| Appellant | : | No. 1274 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 9, 2019
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000470-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 11, 2020**

Brian Thomas Metheny appeals from his judgment of sentence, imposed in the Court of Common Pleas of Columbia County, after he pled guilty to one count of attempted aggravated indecent assault.[1]  On appeal, Metheny challenges the trial court's denial of his pre-sentence motion to withdraw his guilty plea.  Upon careful review, we affirm.

Metheny was charged with numerous offenses related to his attempt to sexually assault the then-seven-year-old niece of his deceased girlfriend ("Victim").  Metheny had been living with the Victim's family at the time of the incident.  Several years after the attempted assault, when the Victim was approximately 12 years old, the Victim's mother discovered text messages between the Victim and her boyfriend in which the Victim discussed the

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(7) and 901(a).

attempted assault. Thereafter, the Victim's mother reported the incident to police and Metheny was subsequently charged.

Jury selection was held on January 15, 2019, with trial scheduled to begin on January 22, 2019. On January 18, 2019, the court held a pre-trial conference with counsel, at which time Metheny and the Commonwealth reached an agreement that Metheny would plead guilty to one count of attempted aggravated indecent assault in exchange for the dismissal of the remaining charges. That same day, Metheny entered a plea, at which time he executed a written guilty plea colloquy as well as a colloquy regarding his requirement to register and other obligations as a convicted sex offender.

On March 6, 2019, prior to sentencing, Metheny filed a motion to withdraw his guilty plea, in which he averred in support of his request that he "believe[d] it was not in his best interest to enter a plea of guilty and waive his right to a jury trial." Motion to Withdraw Guilty Plea, 3/6/19, at ¶ 2. The court held a hearing on March 20, 2019, after which it denied relief based on our Supreme Court's decision in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), in which the Court held that a bare assertion of innocence is, in and of itself, not a sufficient reason for a court to grant pre-sentence withdrawal of a guilty plea.

On July 8, 2019, the court held a combined sentencing/sexually violent predator ("SVP") hearing, at which time Metheny waived his right to an SVP hearing and conceded that he met the definition of an SVP. The court sentenced Metheny to a term of 42 to 120 months' incarceration. That same

day, Metheny filed a timely motion for reconsideration of his sentence, in which he argued that his designation as an SVP was unconstitutional pursuant to **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[2] The Commonwealth stipulated to Metheny's entitlement to relief and, by order dated August 21, 2019, the court ordered Metheny's SVP designation stricken.

On August 1, 2019, Metheny filed a notice of appeal,[3] followed by a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Metheny claims that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea.

We begin by noting that we review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017).

Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides as follows:

---

[2] In **Butler**, this Court held that SORNA's framework for designating a convicted felon as an SVP violates the federal and state constitutions because it increases the criminal penalty without the fact-finder making the necessary factual findings beyond a reasonable doubt. Our Supreme Court has granted allowance of appeal in that case. **See Commonwealth v. Butler**, 190 A.3d 581 (Pa. 2018) (Table).

[3] Metheny's post-sentence motion to modify his sentence was still pending when he filed his notice of appeal. Under Pa.R.Crim.P. 720(A)(2), no direct appeal may be taken by a defendant while his post-sentence motion is still pending. **See** Pa.R.Crim.P. 720, comment. However, pursuant to Pa.R.A.P. 905, we will treat Metheny's premature notice of appeal as having been filed after entry of the order disposing of his post-sentence motion. **See Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 (Pa. Super. 2011).

(A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides that "[a]fter the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.*, Cmt.

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973) (internal citations and some internal quotations omitted).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), our Supreme Court provided additional guidance as to the proper exercise of a court's discretion in ruling on pre-sentence motions to withdraw a plea. While reaffirming the "liberal allowance" standard, the Court acknowledged that its previous application of that standard had "lent the [false] impression that [the] Court had required acceptance of a bare assertion of innocence as a fair-and-just-reason" for withdrawal and led to a "legitimate perception of a *per se* rule" arising from the Court's prior decisions. ***Id.*** at 1292. In an attempt to clarify the standard, the ***Carrasquillo*** Court held that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant"

- 4 -

a pre-sentence motion to withdraw. *Id.* at 1285. Rather, the Court concluded that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292. Thus, the *Carrasquillo* Court established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Islas*, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Here, while Metheny did not assert his innocence in his written motion, he did so at the hearing. He testified that, at the time he agreed to enter a plea, he was feeling "pressured with looking at all the years [he] would have lost at trial. And the more [he] thought about it [he] would rather go down

- 5 -

with taking it in front of a [j]ury and fight instead of admitting something [he] didn't do." N.T. Motion to Withdraw Hearing, 3/20/19, at 2.

The Victim's mother also testified at the hearing. She stated that, while her daughter was "extremely depressed," isolated, and tearful prior to Metheny's plea, once he entered a plea, she began to "trust people a little more and come out of her shell." *Id.* at 7, 8. She further testified that, if her daughter were required to testify at a trial, "it would put her into a deeper depression" and she would "go back into isolation." *Id.* at 9.

The court denied Metheny's motion. In doing so, it specifically found that Metheny did not offer a fair and just reason for withdrawal of his plea. "Rather, the only profession that he has made is that he is innocent and at the time of his guilty plea he felt 'pressured.'" *Id.* at 11. Citing Metheny's guilty plea colloquy statements that no one had used force, threats, or promises to induce his plea, the court concluded that Metheny's claim that he felt pressure was not credible. *See id.* Thus, the court found Metheny's bare assertion of innocence insufficient under *Carrasquillo*. The court further held that "resurrection of the case and the consequential re-opening of old wounds of a healing child is prejudicial to the prosecution." *Id.*

Upon careful review of the record, we agree with the trial court's determination that Metheny offered nothing more than a bare assertion of innocence in support of his request to withdraw his guilty plea and, further, that his bare assertion of innocence did not constitute a fair and just reason

for withdrawal under the totality of the circumstances. We find support for this conclusion in our Supreme Court's decision in **Norton**, **supra**.

In **Norton**, the appellant sought to withdraw his plea of *nolo contendere* to charges of indecent assault and corruption of minors, which he had entered on the date scheduled for jury selection. Four and one-half months later, Norton filed a motion to withdraw his plea, asserting his innocence and averring that he "could not live with himself for taking a plea under the circumstances." **Norton**, 201 A.3d at 115. Consistent with then-prevailing case law, the court granted Norton's motion. In its order, however, the court noted that our Supreme Court had granted allowance of appeal in **Carrasquillo** in order to clarify the standard for withdrawal a pre-sentence guilty plea. Six days later, the Court decided **Carrasquillo** and the Commonwealth filed a timely motion for reconsideration, asserting that, under the holding in **Carrasquillo**, Norton's bare assertion of innocence was insufficient to justify withdrawal. Rather, the Commonwealth argued, Norton's assertion of innocence was "implausible" and that "fairness and justice did not require the court to allow" withdrawal. **Id.** at 117. Norton responded that he had always maintained his innocence and, if permitted to withdraw his plea, he intended to contest the charges by attacking the victim's credibility at trial.

The trial court granted the Commonwealth's motion for reconsideration and denied Norton's motion to withdraw, finding that Norton had plenty of time to consider and assert his innocence prior to entering his plea and had ample time to "discover and inspect the Commonwealth's evidence well prior

to his plea." *Id.* at 118. On appeal, this Court affirmed Norton's judgment of sentence, finding that the record supported the trial court's determination under *Carrasquillo*.

The Supreme Court granted allowance of appeal to consider whether Norton's "assertion of innocence based on the sufficiency of the evidence and his inability to reconcile entering a plea when he maintained his innocence well before the time of his sentencing and when the Commonwealth made no argument of prejudice" was a fair and just reason for withdrawal. *Id.* at 120. After reviewing the holding in *Carrasquillo*, the Court concluded:

> Appellant asserted in the trial court that: (1) he is innocent; (2) he cannot live with himself for taking a plea; and (3) he wants to test the Commonwealth's evidence at trial. Simply put, the last two assertions add nothing to the first. Appellant's contention that he could not live with himself for entering his plea is self-serving makeweight and does not add any substantive support to the plausibility of his claim of innocence. Appellant's desire to test the Commonwealth's evidence at trial is equally non-substantive. Generally speaking, trials are always proceedings in which the parties test each other's evidence, and Appellant's belated wish for a trial fails to bolster his claim of innocence, particularly in light of the fact that any vulnerability in the Commonwealth's evidence, specifically Victim's testimony, was well known to Appellant prior to him entering his plea. In other words, for all intents and purposes, the reality is that Appellant solely asserted his innocence in an attempt to withdraw his plea presentence.

*Id.* at 121–22.

In the matter *sub judice*, Metheny had ample time to consider and evaluate the Commoiwealth's evidence prior to agreeing to a plea three days after a jury had been selected for his trial. In addition, the trial court found that Metheny's claim of having felt "pressure" to enter a plea lacked credibility

in light of the statements he made during his guilty plea colloquy. The court's findings are supported in the record. As such, Metheny's claim of pressure lends no "substantive support to the plausibility of his claim of innocence." *Id.* at 121. Thus, as in **Norton**, Metheny is left with only a bare assertion of innocence, which our Supreme Court has repeatedly stated is insufficient to justify pre-trial withdrawal of a plea. **See Carrasquillo**, **supra**; **Norton**, **supra**.

Moreover, Metheny did not raise any other facts or cite specific circumstances that could have provided a basis for the court to find a sincere or colorable claim of innocence. Metheny did not challenge sufficiency of the Commonwealth's evidence, cite his own good character, or suggest that the Victim had any motive to fabricate her claims. **See, e.g., Islas**, 156 A.3d at 1191 (finding plausible assertion of innocence where defendant—who pled guilty to indecently assaulting camper at camp where he worked as counselor—testified that: "he did not engage in the charged conduct; he had maintained his innocence when interviewed by law enforcement; had the conduct occurred as alleged, it would have been witnessed by other[s] . . . ; the victim had a motive to fabricate the charges; the victim had delayed reporting . . . ; and [the defendant] was of good character, had no criminal record, and had never received a similar complaint in the many years he had been working in the field").

In sum, **Carrasquillo** established that a trial court acts within its discretion in denying a pre-sentence motion to withdraw where an appellant

presents nothing more than a bare assertion of innocence in support of his request. Because Metheny's motion was premised on just such an assertion, the trial court did not abuse its discretion in denying him relief.

Finally, we note that, as an "independent reason" for denying Metheny's motion, the trial court concluded that the Commonwealth would have been substantially prejudiced by allowing Metheny to withdraw his plea. *See* Trial Court Opinion, 9/6/19, at 6. Specifically, the court found that the Victim would have been "further psychologically traumatized by the resurrection of the . . . case after she was assured that the case had ended[.]" *Id.*

> [T]here exists little case law explaining what constitutes prejudice in the withdrawal of a guilty plea context[. However,] it would seem that prejudice would require a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled. This follows from the fact that the consequence of granting the motion is to put the parties back in the pre-trial stage of proceedings. This further follows from the logical proposition that prejudice cannot be equated with the Commonwealth being made to do something it was already obligated to do prior to the entry of the plea.

*Islas*, 156 A.3d at 1192.

This Court has previously held that the Commonwealth's "humane desire" to shield a Victim from further trauma potentially brought on by being required to testify at trial "does not suffice as a matter of law to substantiate a claim of substantial prejudice." *Commonwealth v. Carrasquillo*, 78 A.3d 1120, 1129 (Pa. Super. 2013), *rev'd on other grounds*, 115 A.3d 1284 (2015). Rather, "prejudice is about the Commonwealth's ability to try its case, not

about the personal inconvenience to complainants[,] unless that inconvenience somehow impairs the Commonwealth's prosecution." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013). Here, the Commonwealth presented no evidence that the Victim would have been unwilling or unable to testify at trial, or that emotional trauma to the Victim would otherwise have had an adverse impact on the ability of the Commonwealth to prosecute its case. Accordingly, the trial court erred in finding substantial prejudice on that basis. Nonetheless, because we agree with the trial court that Metheny's bare assertion of innocence did not, under the circumstances, constitute a fair and just reason to withdraw his plea, we affirm the court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2020

- 11 -