J-S23026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWAN CHARLES | : | |
| | : | |
| Appellant | : | No. 2546 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004288-2016

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                          **FILED JULY 31, 2024**

Appellant, Antwan Charles, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to attempted murder, conspiracy, and multiple firearms offenses.[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On March 30, 2017, Appellant pled guilty to the above-mentioned crimes in connection with an incident that occurred on March 11, 2016.  During the incident, Appellant was carrying a firearm despite a prior disqualifying conviction.  Appellant fired four times into a vehicle at point blank range, striking the victim in the temple.  (N.T. Guilty Plea Hearing, 3/30/17, at 4).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901; 903; 6105; 6106; and 6108, respectively.

The court sentenced Appellant on May 21, 2018, with the benefit of a pre-sentence investigation ("PSI") report, to an aggregate term of 10 to 20 years' imprisonment, plus 37 years' probation.

Appellant did not file a direct appeal. Nevertheless, following litigation of a Post Conviction Relief Act ("PCRA") petition, the court reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc* on May 15, 2023. Appellant timely filed a post-sentence motion *nunc pro tunc* on May 25, 2023, which was denied by operation of law on September 27, 2023. On October 1, 2023, Appellant filed a timely *nunc pro tunc* appeal. Appellant also filed a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) that day.

Appellant raises two issues for our review:

> Whether Appellant's guilty plea was entered knowingly, intelligently, and voluntarily.

> Whether the sentencing court abused its discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of Appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S.A. § 9721 of the Sentencing Code.

(Appellant's Brief at 7).

In his first issue, Appellant argues that the totality of the circumstances demonstrates that his guilty plea was not entered knowingly, voluntarily, and intelligently. Appellant asserts that the factual basis for the plea stated at the plea hearing was "dangerously short," and the on-the-record colloquy was so

lacking that it could not be cured by the written colloquy. (***Id.*** at 14) (citing PCRA Court Opinion, filed 11/15/13, at 3). Appellant complains that the court did not conduct an inquiry into the factors delineated in the rules of criminal procedure. Appellant avers that it was incumbent upon the court to determine whether Appellant understood the content of the colloquy and the charges to which he pled guilty, along with the consequences of his guilty plea. Appellant insists that the court's failure to ensure that Appellant entered the plea knowingly, voluntarily, and intelligently demands relief. Appellant concludes his guilty plea was invalid, and this Court must grant him relief. We agree.

"The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013), *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." ***Id.*** (internal citation omitted).

A guilty plea will be deemed valid if the record demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006). A defendant

- 3 -

is not required to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa.Super. 2007). A defendant is presumed to be aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; and (5) the permissible ranges of sentences and fines possible. *Commonwealth v. Watson*, 835 A.2d 786, 796-97 (Pa.Super. 2003). *See also* Pa.R.Crim.P. 590, *Comment* (explaining that, **at a minimum**, court should inquire into these aforementioned areas).[2]

"[W]here the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate

---

[2] Other areas of inquiry delineated in Rule 590 are not applicable here.

the elements of the crime at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005) (*en banc*), *appeal denied*, 585 Pa. 688, 887 A.2d 1241 (2005) (holding that whether defendant is aware of nature of offenses depends on totality of circumstances, and plea will not be invalidated premised solely on plea court's failure to outline elements of crimes at oral colloquy; appellant executed written plea colloquy wherein he admitted he was advised of offense contained in criminal information, which set forth elements of crimes charged; facts set forth during oral colloquy indicated appellant's guilt; written colloquy established that appellant understood that by entering his plea, he admitted he was properly charged with offenses to which he was pleading guilty; written colloquy was extensive, and single omission at oral colloquy was plea court's failure to outline elements of crimes).

Instantly, the trial court evaluated Appellant's claim as follows:

> [T]he totality of the circumstances shows that Appellant's plea was not knowingly, intelligently, or voluntarily made. The factual basis of the plea is dangerously short, consisting of only two sentences. Moreover, the on-the-record colloquy is so lacking that it cannot be cured by the written colloquy. At no point did [the plea court] ask Appellant if he understood his right to a jury trial, the presumption of innocence, the nature of the charges against him, the permissible sentencing ranges for the offenses charged, or the fact that [the court] was not bound by the terms of the plea agreement. Therefore, Appellant's plea was not knowingly, intelligently, or voluntarily made, and this [c]ourt requests that the Superior Court remand the matter for further proceedings.

(PCRA Court Opinion at 3).

Our review of the record supports the court's analysis. The oral plea colloquy, in its entirety, states:

THE COURT: State your name, spell your last name, sir.

[APPELLANT]: Antwan Charles, C-H-A-R-L-E-S.

THE COURT Do you swear to tell the truth?

[APPELLANT]: Yes.

THE COURT: How old are you?

[APPELLANT]: 43.

THE COURT: How far did you go in school?

[APPELLANT]: GED.

THE COURT: Read, write, understand English?

[APPELLANT]: Yes.

THE COURT: Are you under the influence of drugs or alcohol today?

[APPELLANT]: No, sir.

THE COURT: Suffering from any mental illness?

[APPELLANT]: No, sir.

THE COURT: Satisfied with your attorney today?

[APPELLANT]: Yes, sir.

[COMMONWEALTH]: Your Honor, the Commonwealth would allege that on March 11, 2016, in the area of 2900 Forrest Street in

> Philadelphia, this defendant in concert with another was carrying a firearm which he was prohibited from carrying due to a conviction for possession with intent to deliver. He fired four times into a vehicle at point black range and struck the complainant Melvin Perry in the temple causing injury.

THE COURT: All right. How do you plead?

[APPELLANT]: Guilty.

THE COURT: We need a [PSI] and mental health?

[COMMONWEALTH]: We do.

THE COURT: All right. Bail revoked. We will do a [PSI], and we can do this on June 29, 2017.

[DEFENSE]: Thank you.

(N.T. Plea Hearing, 3/30/17, at 3-5).

Appellant also executed a written plea colloquy on that date. The written plea colloquy states the charges as attempted murder, conspiracy, and three violations of the Uniform Firearms Act ("VUFA").[3] The written plea colloquy also states that defense counsel informed Appellant of the elements of the crime, and that his sentencing exposure is up to 102 years' imprisonment and fines of $130,000.00. The written colloquy also indicates that Appellant was entering an open plea, and that nobody promised him anything in exchange

---

[3] The written plea colloquy does not specify the VUFA charges but does supply the grading for each charge.

- 7 -

for his guilty plea. The written guilty plea colloquy further explains Appellant's rights at trial, right to a jury trial, waiver of Appellant's pre-trial rights by entering a guilty plea, and appeal rights. As well, the written plea colloquy indicates that Appellant was satisfied with his attorney, has been read the facts of his case and elements of the crimes charged, and that Appellant is giving up the right to defend his case by pleading guilty. Appellant printed and signed his name at the end of the written plea colloquy. (Written Plea Colloquy, 3/30/17, at 1-3).

The last page of the written plea colloquy contains three certification sections, signed by plea counsel, the Assistant District Attorney, and by the plea judge. Notably, the portion titled "Judge's Certification" states:

> I certify that I am the Judge, having the jurisdiction to hear this case and that I am satisfied the defendant understands fully the nature and quality of the Guilty Plea that the defendant is entering before me. The defendant has exercised a knowing, intelligent, voluntary Guilty Plea to the charge mentioned above. **In addition, I have personally explained to the defendant on the record**:
>
> (1)   the charges to which the defendant is pleading guilty, and the maximum sentence which could be imposed, as well as any mandatory minimum sentences;
>
> (2)   that the defendant is presumed to be innocent and has a right to a trial by jury or by a Judge without a jury;
>
> (3)   the elements of the crime the District Attorney would be required to prove to convict the defendant at trial;
>
> (4)   that, by pleading guilty, the defendant is giving up all rights to trial and almost all rights to appeal.

> I have asked the defendant on the record if the defendant understands that everything that is being said and done here today, as well as whether the defendant is pleading guilty of the defendant's own free will.

(***Id.*** at 4) (emphasis added). The plea judge signed the portion of the judge's certification.

Here, the plea court did not inquire into four of the five relevant areas specified in Rule 590. ***See*** Pa.R.Crim.P. 590, *Comment*. Specifically, the court did not inquire as to whether Appellant understood the nature of the charges to which he was pleading guilty; his right to trial by jury; the presumption of innocence; or the permissible ranges of sentences and fines possible. ***See id.***; ***Watson, supra***. Although Appellant executed a written plea colloquy which details the relevant areas of Rule 590, the record belies the portion of the judge's certification where the judge certifies that he explained to Appellant on the record the charges to which he was pleading guilty, the presumption of innocence and Appellant's right to a jury trial, the elements of the crimes at issue, and the rights Appellant was giving up by pleading guilty. Further, the record belies the judge's certification in the written plea colloquy that the court asked Appellant on the record if he was pleading guilty of his own free will.

On this record, we agree with the trial court that the oral plea colloquy was insufficient to demonstrate that Appellant was entering a knowing, intelligent, and voluntary guilty plea. The current case is distinguishable from ***Morrison, supra*** (on which the Commonwealth relies), where the court had

failed to state only the elements of the crimes charged during the oral plea colloquy. Here, the court's failure to inquire into four of the five enumerated areas, combined with the misstatements contained in the judge's certification portion of the written plea colloquy, warrants relief.[4] *See Commonwealth v. Flick*, 802 A.2d 620 (Pa.Super. 2002) (holding oral plea colloquy was deficient where court failed to explain nature of charges to which appellant was pleading guilty, elements of offenses, and factual basis for plea; colloquy fell far short of comporting with requirements of Rule 590). *Compare Morrison, supra*. Accordingly, we vacate Appellant's judgment of sentence and remand for further proceedings.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2024

---

[4] Based on our disposition, we decline to reach Appellant's second issue on appeal.