J-S15016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRIAHEEM GRAY | : | |
| Appellant | : | No. 2472 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 29, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006044-2024

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 27, 2026**

Briaheem Gray (Appellant) appeals from the judgment of sentence entered following his guilty plea to two counts each of third-degree murder and attempted murder, and one count of firearms not to be carried without a license.[1, 2]   Appellant challenges the denial of his pre-sentence motion to

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 901, 6106.

[2] Appellant was 15 years old at the time he committed the crimes.  As this Court has explained,

> "[p]ursuant to 42 [Pa.C.S.A.] § 6322(a) and § 6355(e), when a juvenile has been charged with a crime listed under paragraph 2(ii) … of the definition of 'delinquent act' in 42 [Pa.C.S.A.] § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction." ***Commonwealth v. L.P.***, 137 A.3d 629, 635 (Pa.

*(Footnote Continued Next Page)*

withdraw his guilty plea (motion to withdraw), and the discretionary aspects

of his sentence. After careful consideration, we affirm.

As described by the trial court,

[o]n August 15, 2024, [Appellant] was arrested and charged with the murder of Guymore Rookwood and Donald Forsythe, the attempted murder of Calvin Forsythe and Maurice Simmons[,] as well as related offenses[,] for shooting sixteen times into a crowd of people at 60th and Race Streets in Philadelphia. [Appellant] was bound over on all charges following a preliminary hearing on September 3, 2024.

On February 7, 2025, [Appellant] entered [] a guilty plea to [the above-described charges]. On July 15[, 2025, Appellant] filed a motion to withdraw …, alleging that "he could beat this case." The motion was denied after a hearing on August 12[, 2025], and [Appellant] was sentenced on August 29[, 2025,] to an aggregate sentence of twenty to sixty years' incarceration. A motion for reconsideration of sentence was filed the same day and denied without a hearing on September 4[, 2025]….

Trial Court Opinion, 10/31/25, at 1-2.

Appellant timely filed a notice of appeal. Appellant and the trial court

have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the [t]rial [c]ourt erred or abused its discretion when it failed to allow the Appellant to withdraw his guilty plea[,] prior to sentencing[,] where the guilty plea colloquy was deficient to begin with.

---

Super. 2016). Criminal attempt to commit murder, where the juvenile was fifteen years or older at the commission of the alleged offense and a deadly weapon was used, is one of the offenses that requires jurisdiction to vest in the criminal division. 42 Pa.C.S.A. § 6302.

*Commonwealth v. Harris*, 314 A.3d 914, 919 (Pa. Super. 2024).

2.      Whether the trial court erred when it sentenced the Appellant for Murder in the 3rd Degree (2 charges) and for Attempted Murder (2 charges) to an aggregate term of from twenty to sixty years [in prison,] instead of from fifteen to forty years.

Appellant's Brief at 5 (issues reordered).

Appellant first argues that the trial court improperly denied his motion to withdraw.  *Id.* at 10.  Appellant asserts that he was 15 years old at the time of the shooting.  *Id.*  According to Appellant, at his age, a person is usually in the 9th or 10th grade, which "is almost like having no education at all." *Id.*  Appellant claims that "[a]s a woefully uneducated man, he was also inarticulate."  *Id.*  Appellant states that "[h]e knew or realized that circumstances existed that would absolve him of any guilt in the underlying shooting, but he simply did not know how to express them." *Id.* at 10-11.

Appellant argues,

[i]t appears that the [c]ourt relied on only sparse information about [] Appellant when accepting his guilty plea.  According to the colloquy …, the [c]ourt was entertained by and impressed by evidence from the Commonwealth surrounding the forensics of the decedents' death[s], but was given very little evidence about [] Appellant, about his home life, about his lack of education.  The [c]ourt knew nothing about [] Appellant[,] himself.

*Id.* at 11.  Appellant claims that under these circumstances, where "the uneducated and inarticulate Appellant had waived all of the Constitutional rights that surrounded his trial," the trial court should have shown compassion and allowed Appellant to withdraw his plea.  *Id.*

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Islas***, 156 A.3d 1185, 1187 (Pa. Super. 2017).

> An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013) (internal citations omitted).

Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides that

> [a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty … and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides that "[a]fter the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." ***Id.***, cmt.

The trial court has discretion to grant the withdrawal, and that discretion is to be liberally exercised to permit withdrawal of the plea, if two conditions are present: (1) the defendant demonstrates a fair and just reason for withdrawing the plea; and (2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015).

In **Carrasquillo**, our Supreme Court provided additional guidance regarding a court's discretion in ruling on pre-sentence motions to withdraw a plea. While confirming the "liberal allowance" standard, the Court acknowledged that its previous application of that standard had "lent the impression that [the Supreme] Court had required acceptance of a bare assertion of innocence as a fair-and-just-reason" for withdrawal, and led to a "legitimate perception of a *per se* rule" arising from the Court's prior decisions. **Id.** at 1292. In clarifying the standard, the **Carrasquillo** Court held that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. **Id.** at 1285. Rather,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Id.** at 1292.

Further, this Court has recognized that "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." **Islas**, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have

made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Instantly, Appellant filed his motion to withdraw on July 15, 2025. In support of his motion, Appellant averred the following:

[Appellant] now requests to "withdraw" his guilty plea, as he was visited [by defense counsel] at [the correctional facility] on Saturday, May 10th, in which [Appellant] was hand[-]delivered hard copies of his discovery, and expressed "he can beat this case."

Motion to Withdraw Plea, 7/15/25, ¶ 3. Appellant offered no other basis or reasoning for seeking to withdraw his plea. *See id.*

In its opinion, the trial court explained its reasons for denying Appellant's motion to withdraw:

In the present case, [Appellant] entered a written open plea on February 7, 2025. On page 6, [Appellant] certified that he was pleading guilty and that he understood he could not come back to court later and say that he was not guilty. [Appellant] signed this certification and was then questioned by the court to determine if he understood what he was doing[,] and that the plea was knowing, intelligent[,] and voluntary. This certification was witnessed and attested to by both [Appellant's] attorney and the prosecutor, as well as the trial court. [Appellant] signed a second colloquy advising him, again, of the charge to which he was pleading, with the range of possible incarceration and stating, "I knowingly, voluntarily, and intelligently make this plea of guilty." The [trial] court asked [Appellant], prior to admitting the plea, if he had read the colloquy and understood everything in the colloquy, and if it was his signature on the seventh page. [The trial court] further asked [Appellant] if he was entering the plea of his own free will, if anybody had forced or coerced him in any manner to enter the plea and that he was doing so of his own free will. (N.T. 02-07-2025, pp. 4-7). [Appellant confirmed he was voluntarily tendering his guilty plea.]

- 6 -

… [Appellant] did not even assert his innocence, but just instead declared that he now wanted to go to trial, claiming that he "could beat this case." Such a request needs to be plausible and demonstrate a fair and just reason for withdrawal of the plea. No colorable demonstration was made that under the circumstances, permitting the withdrawal of his plea would promote fairness and justice. [Appellant] … failed to provide a fair and just reason for withdrawing his plea.

… [Appellant's] claims are insufficient to overcome [his] written and oral admission of guilt to these crimes, and the proposed claim would not affect the validity of those guilty pleas, nor its outcome in any manner whatsoever.

Trial Court Opinion, 10/31/25, at 8-10 (some citations omitted).

Upon review, we agree with the trial court's determination that Appellant's proffered reason for wanting to withdraw his guilty plea did not satisfy the standard articulated in *Carrasquillo*. *See Carrasquillo*, 115 A.3d at 1292 (stating a defendant must make a "colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice."). As such, we discern no abuse of the trial court's discretion in denying Appellant's motion to withdraw. *See id.*; *Gordy*, 73 A.3d at 624 (defining an abuse of discretion). Appellant's first issue merits no relief.

In his second issue, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's

jurisdiction when challenging the discretionary aspects of a sentence." ***Id.***

We conduct this test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) **the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f)**; and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (emphasis added; citation omitted).

> Regarding the third part of the test, Rule 2119(f) provides that

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). This statement must demonstrate that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.[3] ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016). "If the Commonwealth objects to the appellant's failure to

---

[3] "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review." *Id.*

Instantly, Appellant preserved his sentencing claim in a post-sentence motion and timely filed his notice of appeal. However, Appellant failed to include, in his appellate brief, a concise statement of reasons relied upon for allowance of appeal, as required by Rule 2119(f). The Commonwealth has objected to this deficiency. Commonwealth's Brief at 7-8. Accordingly, Appellant's failure to include the Rule 2119(f) statement renders his sentencing challenge waived on appeal. *See Griffin*, 149 A.3d at 354.

Because we discern no abuse of the trial court's discretion in denying Appellant's motion to withdraw his guilty plea, and conclude that Appellant's sentencing claim is unreviewable for the lack of a Rule 2119(f) statement, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: May 27, 2026